MICHAEL R. BROCIA, Respondent, *v.* FRANKLIN PLAN CORPORATION, Appellant.

Fourth Department, May 11, 1932.

Locke, Babcock, Hollister & Brown [Hugh McM. Russ of counsel], for the appellant.

Berkery & Ganim [Joseph Swart of counsel], for the respondent.

EDGCOMB, J. Plaintiff seeks in this action to recover a personal judgment against the defendant for damages arising out of an alleged breach of contract.

The defendant is a Delaware corporation, having its principal office in Wilmington, Del., and its executive office in Philadelphia. It has no permit to do business in this State.

Claiming that it is not engaged in business within this State, so as to make it amenable to the service of judicial process herein, defendant moves to set aside the service of the summons which has been made upon Franklin W. Ryan, one of its vice-presidents, while he was in New York city. The motion was denied at Special Term, and the defendant appeals.

The rule is well settled that a foreign corporation cannot be brought into this State in an action *in personam*, unless it is doing business here to such an extent as to warrant the inference that it is within this jurisdiction. (*St. Louis Southwestern R. Co. v. Alexander*, 227 U. S. 218; *Philadelphia & Reading R. Co. v. McKibbin*, 243 id. 264; *Washington-Virginia R. Co. v. Real Estate Trust Co.*, 238 id. 185; *Tauza v. Susquehanna Coal Co.*, 220 N. Y. 259.)

It is not always easy to determine just when a foreign corporation is doing business within this State. That question cannot be decided according to any hard and fast rule. The answer depends very largely upon the facts of each particular case. (*Pomeroy v. Hocking Valley R. Co.*, 218 N. Y. 530; *Tauza v. Susquehanna Coal Co.*, 220 id. 259, 268.)

To give the courts of this State jurisdiction of a foreign corporation it must appear that the corporation transacts, with a fair measure of continuity and regularity, a reasonable amount of its business within this Commonwealth; the mere casual transaction of business here will not suffice. (*Holzer v. Dodge Brothers*, 233 N. Y. 216, 221; *Tauza v. Susquehanna Coal Co.*, 220 id. 259, 267;

*Brandow* v. *Murray & Tregurtha Corp.*, 203 App. Div. 47; *Meyer* v. *Sachs Mfg. Co., Inc.*, 200 id. 458.)

Applying these rules to the case at bar, we think that the record fails to show that the defendant is doing business within this State, so as to subject itself to the jurisdiction of the court.

It appears from the affidavit of Samuel C. Taylor, vice-president of the defendant corporation, that the appellant operates a loan business through branch offices, all of which are located without the State of New York, and that it also owns the stock of various foreign corporations engaged in the same business outside of this State. Mr. Taylor states that Mr. Ryan was not in this State on any business connected with the defendant when the summons and complaint were served on him, and that he was not acting as appellant's agent or representative at that time, but was in the employ of the Franklin Management Bureau, Inc., an entirely separate and distinct corporation. Upon this showing defendant's motion should have been granted.

The only contradiction of these facts is the sweeping allegation contained in the affidavits of plaintiff and his attorney that what Mr. Taylor says is " not true." Both of these affiants reside in Buffalo, and neither has any connection with the defendant. Concededly, they are not in a position to be as well informed concerning the facts whereof they speak as is Mr. Taylor. They fail to tell us where they obtained their information, or how they know that Mr. Taylor has falsified in his affidavit. They have stated conclusions rather than facts. It is true that the plaintiff avers positively that Mr. Ryan is vice-president of the defendant, and that he has offices in New York city, and " that his time is wholly devoted to the research of matters affecting the Franklin Plan Corporation, and to the editing of booklets, pamphlets and literature of various forms for the benefit of the Franklin Plan Corporation and its subsidiaries, its stockholders and its employees, and, also, is engaged in the executive training of the employees for the Franklin Plan Corporation and its subsidiaries." How the affiant knows these facts, or how he is in a position to know them, is not stated. It is difficult to see how he could honestly state these facts upon his own knowledge. We can hardly accept such a statement as a basis for upholding the service of this process in the face of the positive evidence of an officer of the defendant to the contrary.

Besides, if all that plaintiff says is true, research work and training employees could not be said to be doing business within this State to such an extent as to give the courts of this State jurisdiction of the defendant.

Certain pamphlets are printed in the record, from which it is argued that the defendant has an office in this State, and is doing business here. These pamphlets cannot be considered on this appeal. They were not made a part of the moving papers, and were not presented to the court at Special Term until after the motion was argued. They should not have been considered by the court below.

For the reasons above stated, we think that the court has no jurisdiction of the defendant, and that the service of the summons herein should be set aside.

All concur.

Order reversed on the law and facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.