ZEIDLER *v.* JOHNSON.

1. CORPORATIONS—FOREIGN CORPORATIONS—DOING BUSINESS—OFFICERS—SERVICE OF PROCESS.

   Actions in this State by defendant foreign corporation's officers in furtherance of their corporate relationships with each other which were incidental to the corporation's inner operations but not connected with the corporation's dealings with others outside of the corporation *held,* not to constitute the doing of business herein so as to render it subject to process.

2. SAME—FOREIGN CORPORATIONS—INTRA-CORPORATE ACTIVITIES—SERVICE OF PROCESS—DOING BUSINESS.

   A foreign corporation is doing business within this State so as to render it amenable to process herein when it engages in transactions herein with others, but not when its officers merely confer with each other and superior officers give instructions to those in inferior positions.

---

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 23 Am Jur, Foreign Corporations §§ 363, 365, 491.

3. Same—Conspiracy—Jurisdiction—Officers.

    Jurisdiction over a foreign corporation may not be had in this
    State because of fact that some of its officers who were resi-
    dent here were alleged to have conspired to defraud residents
    of this State, where they are before the Court but there are
    no allegations that the defendant corporation, as such, was
    a moving party to the conspiracy or did anything in this State
    in furtherance thereof as it was not doing business herein
    so as to be amenable to process of the courts of this State.

Appeal from Wayne; Murphy (George B.), J.
Submitted January 11, 1956. .(Docket No. 67, Calen-
dar No. 46,471.)   Decided June 28, 1956.

Bill by William H. Zeidler, a stockholder of Pro-
gressive Welder Company, a Michigan corporation,
against Fred H. Johnson, and various Michigan cor-
porations and their officers and directors, and against
Progressive Welder Company of Canada, Ltd., an
Ontario corporation, for accounting, appointment of
trustee, injunctive relief and other relief for the pro-
tection of corporate assets.   From order denying
defendant foreign corporation's motion to quash
service of process and set aside default as to it, it
appeals.   Reversed and order directed to enter dis-
missing case as to it.

   *Samuel W. Leib,* for plaintiff.

   *John F. Langs* (*Richard F. Molyneaux,* of coun-
sel), for defendant.

Dethmers, C. J.   Presented is the question wheth-
er defendant Progressive Welder Company of Can-
ada, Ltd., a Canadian corporation not licensed to
do business in Michigan, was in fact doing business
in Michigan in such manner and to such extent as
to render it amenable to Michigan process.   From
holding in the affirmative on its motion to quash serv-

ice of process, that corporation, hereinafter called the defendant, appeals.

Facts upon which plaintiff relies as supporting the lower court's ruling are as follows: that all of defendant's officers, except one, are Michigan residents, including its president, and that service of process on defendant was obtained by personal service on him in Michigan; that the president gets in touch with defendant's manager in Canada by telephone from Michigan to contract business and advise him on any big problem; that the manager makes the contracts in Canada, but the president has signed them—that they are signed in Canada, but the president may have signed papers in this country; that defendant's trucks come into this country to pick up equipment purchased here; that the president goes to defendant's Canadian plant about once a month, but that he only gets into high-level discussions with the manager and board of directors and at times has discussed in Michigan defendant's important problems with its manager and other officers and made decisions thereon in Michigan; and that he has discussed defendant's business with its attorney and its other officers in Michigan. Plaintiff contends that this constitutes doing business in Michigan sufficient to subject defendant to Michigan process.

Plaintiff cites *A. Harvey's Sons Manufacturing Co.* v. *Sterling Materials Co.,* 247 Mich 317; *Watson-Higgins Milling Co.* v. *St. Paul Milling Co.,* 256 Mich 258; *Dobson* v. *Maytag Sales Corp.,* 292 Mich 107; *Wills* v. *National Mineral Co.,* 176 Okla 193 (55 P2d 449). In the *Harvey's Sons Case* the defendant Canadian corporation sold goods to plaintiff in Michigan through an agent who worked on a commission basis taking orders for defendant; and upon plaintiff's complaint defendant had sent its representative to assist plaintiff in selling the goods to pros-

pects. This Court held that such actions combined to constitute doing business in Michigan for purposes of service of process. In the *Watson-Higgins Milling Company Case* the defendant foreign corporation sold its flour to the trade in Michigan, either directly or by and through a broker handling flour for a number of manufacturers; this Court held that defendant was not, under such circumstances, doing business in Michigan in such manner and to such extent as to make it amenable to process here. In the *Dobson Case* the defendant foreign corporation appointed a resident field agent in Michigan, who was authorized to negotiate dealers' contracts; he not only made such contracts with dealers for defendant, but he promoted and made sales, procured products from one of defendant's Michigan dealers and delivered them to another, helped prepare advertising and demonstrated defendant's products for its Michigan dealers who sold defendant's products here. This Court held such course of conduct sufficient to establish the doing of business in Michigan, rendering defendant amenable to process here. In the *Wills Case* the Oklahoma court based its decision that the defendant foreign corporation was doing business in that State on a finding of fact that it sold its products in that State through its agent, that defendant took notes and title-retaining contracts from purchasers as collateral security for the purchase price and sometimes sued thereon in Oklahoma, and that, on occasion, its representative made adjustments in that State on its unsatisfactory merchandise. Thus, the facts in each of the cases relied on by plaintiff are clearly distinguishable in controlling respects from those at bar in that in each of those cases there were business dealings between the foreign corporation, through its agents, and others within the State who were not connected with the corporation, while in the instant case the

actions relied on by plaintiff consist of those things done by defendant's officers in furtherance of their corporate relationships with each other which were incidental to defendant's inner operations.

In *Hershel Radio Co.* v. *Pennsylvania R. Co.*, 334 Mich 148, we held that solicitation in Michigan of interstate transportation business by a railroad company having no tracks and running no trains in Michigan is not doing business in Michigan so as to make it amenable to process here. In *Hellman* v. *Ladd*, 315 Mich 150, we held that presence of a foreign corporation's agent in this State and the making of sales here on commission and the employing of persons to render technical assistance in Michigan to its sales division does not amount to doing such business in Michigan. A question of due process under the 14th Amendment to the Constitution of the United States being involved, see, also, in this connection *St. Louis Southwestern R. Co.* v. *Alexander*, 227 US 218 (33 S Ct 245; 57 L ed 486, Ann Cas 1915B, 77); *Philadelphia & Reading R. Co.* v. *McKibbin*, 243 US 264 (37 S Ct 280; 61 L ed 710); *Consolidated Textile Corp.* v. *Gregory*, 289 US 85 (53 S Ct 529; 77 L ed 1047).

No case has been cited in which the exercise by officers of an unlicensed foreign corporation of the functions of their respective offices solely with respect to the inner workings of the corporation and in nowise involving transactions with others outside the corporation has been held sufficient, in and of itself, to constitute doing business by the corporation in a State so as to render it subject to process therein. For the purposes here under consideration a foreign corporation is doing business within the State when it engages in transactions with others, but not when its officers merely confer with each other and superior officers give instructions to those in inferior positions.

The suggestion that persons conspiring in Michigan to defraud Michigan residents, as alleged in the bill of complaint herein, should be amenable to Michigan process is met in that the individual defendants allegedly so engaged are before and subject to the jurisdiction of the court in this case; and it is not alleged that defendant corporation, as such, was a moving party to the conspiracy or did anything in Michigan in furtherance thereof.

The order denying defendant's motion to quash service of process is reversed. An order may enter here granting the motion to quash and to dismiss as to defendant corporation, with costs to the latter.

SHARPE, SMITH, BOYLES, KELLY, CARR, and BLACK, JJ., concurred.

EDWARDS, J., took no part in the decision of this case.