[Civ. No. 25589.   First Dist., Div. Four.   Oct. 14, 1968.]

LEACH COMPANY, Petitioner v. THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent; KIM MICHELLE GODFREY, a Minor, etc., et al., Real Parties in Interest.

Ropers, Majeski & Phelps for Petitioner.

No appearance for Respondent.

Scher & Fernandez and Bruce Cornblum for Real Parties in Interest.

CHRISTIAN, J.—Petitioner is defendant in an action brought by Kim Godfrey for personal injuries sustained when a garbage container manufactured by petitioner toppled over. ▮ After service of process upon petitioner as a foreign corporation doing business within this state, pursuant to Code of Civil Procedure section 411, subdivision 2, petitioner moved to quash service of summons upon a showing that petitioner maintained no office, agents or employees in California, solicited no sales and conducted no other activities within the state, and sold products manufactured in Wisconsin through an independent firm operating in New York City.

There may well be no constitutional inhibition against the California court taking jurisdiction in these circumstances. (See *McGee* v. *International Life Ins. Co.* (1957) 355 U.S. 220 [2 L.Ed.2d 223, 78 S.Ct. 199]; *Metal-Matic, Inc.* v. *District Court* (1966) 82 Nev. 263 [415 P.2d 617]; *Gray* v. *American Radiator & Standard Sanitary Corp.* (1961) 22 Ill.2d 432 [176 N.E.2d 761].) However, within constitutional limits the power of the California court to take jurisdiction is defined by statute. Code of Civil Procedure, section 411, subdivision 2, provides for substituted service upon a foreign corporation only when the corporation is ''doing business in this state.'' Here the only competent evidence before the court indicated that petitioner neither sold goods nor carried out any other business activity in California. The mere presence in the state of the equipment manufactured by petitioner is insufficient under the statute to confer jurisdiction. (*Da Silveira* v. *Westphalia Separator Co.* (1967) 248 Cal.App.2d 789 [57 Cal. Rptr. 62]; *Twinco Sales, Inc.* v. *Superior Court* (1964) 230 Cal.App.2d 321 [40 Cal.Rptr. 833].)

A peremptory writ will issue as prayed.

Devine, P. J., and Rattigan, J., concurred.