**Abner Wynn GORDON, Plaintiff-Appellant,**

v.

**The JOHN DEERE COMPANY et al., Defendants-Appellees.**

No. 71–1824

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 16, 1971.

Roderic G. Magie, of Levin, Warfield, Graff, Mabie & Rosenbloum, P. A., Pensacola, Fla., for plaintiff-appellant.

William H. Clark, Harrell, Wiltshire, Bozeman, Clark & Stone, Pensacola, Fla., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

This appeal presents the question of whether Florida Statute, Section 48.182, F.S.A., permitting service of process on non-residents committing a wrongful act outside Florida which causes injury within the State can be applied to wrongful acts which occurred before its enactment. There being no precedent of the Florida Supreme Court on this issue, we deem it better to ask the Florida Supreme Court to provide us with the answer to this question rather than guessing at what their answer might be.[1]

The following certificate is primarily a result of agreement between the parties.

> Certificate from the United States Court of Appeals for the Fifth Circuit to the Supreme Court of Florida, Pursuant to § 25.031, Florida Statutes, 1959, and Rule 4.61, Florida Appellate Rules.

---

* [1] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

1. For a list of cases in which the certification procedure has been employed see Boyd v. Bowman, 443 F.2d 848 (5th Cir. 1971) at p. 849, fn. 1.

To The Supreme Court of Florida and the Honorable Justices thereof:

It appears to the United States Court of Appeals for the Fifth Circuit that the above styled case in this Court involves a question or proposition of the law of the State of Florida which is determinative of the cause, and there appear to be no clear, controlling precedents in the decisions of the Supreme Court of Florida. This Court hereby certifies the following question of law to the Supreme Court of Florida for instructions concerning said question of law, based on the facts recited herein, pursuant to § 25.031, Florida Statutes, 1959 F.S.A., and Rule 4.61, Florida Appellate Rules, 32 F.S.A., as follows:

(1) Style of the Case

The style of the case in which this certificate is made is Abner Wynn Gordon, appellant, versus Deere & Company, a Delaware corporation, John Deere Company of Baltimore, a Maryland corporation, and John Deere Company of St. Louis, a Missouri corporation, appellees, case No. S71–1824, United States Court of Appeals for the Fifth Circuit, such case being an appeal from the United States District Court for the Northern District of Florida, 320 F. Supp. 293.

(2) Statement of the Facts

The original complaint alleges that on or about July 19, 1965, Abner Wynn Gordon was injured by a tractor and pan, commonly called a scraper unit, which unit was defective in that it was not equipped with proper safety devices. The unit was manufactured by Deere & Company, a Delaware corporation, at Moline, Illinois, and shipped to Shelton-Witt Equipment Corporation, Lynchburg, Virginia, by order of John Deere Company of Baltimore, a Maryland corporation, a subsidiary of Deere & Company and a distributor of Deere products.

Shelton-Witt, a retail John Deere dealer, subsequently sold the unit to Wiley N. Jackson Company of Roanoke, Virginia, such sale taking place in Virginia. Jackson later transported the unit to Escambia County, Florida, where it was in use by employees of that company on the date of the accident.

Neither Deere & Company nor John Deere of Baltimore is qualified to do business in Florida. Prior to July, 1967, John Deere Company of St. Louis, a Missouri corporation and a subsidiary of Deere & Company, was the distributor of all Deere products in Florida. Since July, 1967, it has distributed Deere industrial products at wholesale to retail dealers in Florida and John Deere of Baltimore has similarly distributed Deere industrial products in Florida. Thus, at the time of the accident, John Deere of Baltimore was not distributing any products in Florida, nor was it doing any business in Florida. None of the defendants had any connection with Wiley N. Jackson Company, and after the sale to Jackson none had any control over the unit or its subsequent transportation and use.

The original complaint named The John Deere Company and John Deere Company of St. Louis as defendants. Service of process was made on John Deere of St. Louis by serving a statutory resident agent in Jacksonville, plaintiff being under the impression at that time that John Deere of St. Louis was the distributor of the scraper in question.

There is no entity known as The John Deere Company. References in the style of the case to The John Deere Company are merely pro forma copying of the original style of the case. The John Deere Company is not a party and does not exist.

When it was discovered that the scraper had been manufactured by Deere & Company and distributed to a retail dealer in Virginia by John Deere of Baltimore, substituted service was attempted on Deere & Company and John Deere of Baltimore under Florida Statutes, Section 48.161 and 48.181, F.S.A., Florida's "long-arm" statutes.

Deere & Company and John Deere of Baltimore moved to dismiss the amended complaints or in lieu thereof to quash the

return of summons on the grounds that process under Sections 48.161 and 48.181 on the ground that the cause of action did not arise out of any transaction or Deere & Company and John Deere of Baltimore are not subject to service of operation connected with or incidental to any business or business venture of Deere & Company or John Deere of Baltimore in Florida.[2]

In its order of December 8, 1970, the United States District Court for the Northern District of Florida granted the motion of Deere & Company and John Deere Company of Baltimore to quash service of process, which had been attempted under the Florida long-arm statutes, F.S.A., §§ 48.161 and 48.181, but denied the motion to dismiss the action without prejudice to defendants' right to move for dismissal if effective service of process were not obtained within thirty days.

Plaintiff then attempted service on defendants by serving the Secretary of State under F.S.A., § 48.182, a statute passed after the accrual of the cause of action and after this suit had been commenced and the service under the prior statutes had been attempted.

In its orders of March 9, 1971, and March 21, 1971, the United States District Court dismissed the actions against Deere & Company and John Deere of Baltimore, holding that Florida Statutes, Section 48.182, F.S.A., does not operate retrospectively. This appeal was taken.

## QUESTION TO BE CERTIFIED

The parties agree that the following question is certified to the Florida Supreme Court for decision:

Whether or Not Florida Statutes, Section 48.182 (1970), Applies Retroac-

tively to Allow Service Under its Provisions as to an Alleged Wrongful Act Committed Prior to the Enactment of the Statute.[*]

---

2. No question has been raised on this appeal concerning Florida Statutes, Sections 48.161 and 48.181.

* "The particular phrasing used in the certified question is not to restrict the Supreme Court's consideration of the problems involved and the issues as the Supreme Court perceives them to be in its analysis of the record certified in this case. This latitude extends to the Supreme Court's restatement of the issue or issues and the manner in which the answers are to be given, whether as a comprehensive whole or in subordinate or even contingent parts." Martinez v. Rodriquez, 5 Cir., 394 F.2d 156, at 159, n. 6.