159 N.J. Super. 88 (1978)
386 A.2d 1372
RICHARD S. SERBIN AND KATHE SERBIN, INDIVIDUALLY AND AS GUARDIANS AD LITEM OF JONATHAN SERBIN AND JEFFREY SERBIN, INFANTS, PLAINTIFFS-RESPONDENTS,
v.
WALT DISNEY WORLD, A CORPORATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 5, 1977.
Decided April 28, 1978.
*89 Before Judges FRITZ, BOTTER and ARD.
Mr. Richard A. Tanner argued the cause for appellant (Messrs. Morgan, Melhuish, Monaghan & Spielvogel, attorneys).
*90 Mr. Bernard A. Kuttner argued the cause for respondents (Messrs. Kuttner & Toner, attorneys).
The opinion of the court was delivered by FRITZ, P.J.A.D.
This is a "long-arm" jurisdiction matter. Plaintiffs visited the complex in Florida owned and operated by defendant while plaintiff Richard S. Serbin was there attending a convention of the New Jersey State Bar Association. While there, they allege they "were illegally and unreasonably detained and arrested for allegedly passing a counterfeit $20.00 bill." They first commenced an action against defendant in the United States District Court, we are told, but voluntarily dismissed that action to pursue their remedy in the state courts.
Defendant's motion to dismiss for lack of in personam jurisdiction was denied and we granted leave to appeal. We now reverse.
The matter is wholly dependent upon whether defendant had sufficient "minimum contacts" with the State of New Jersey "that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The trial judge, relying almost exclusively on Blessing v. Prosser, 141 N.J. Super. 548 (App. Div. 1976), determined that defendant's "conscious attempt * * * to persuade others to come to * * * its place" by "supplying the information and/or brochures to the travel agency" brought it within the Blessing rule. Three errors appear.
First, the contractual commitments to AAA members of the advertiser in the AAA books considered in Blessing and the fee payment involved constituted "substantially more than a solicitation of business" (141 N.J. Super. at 549) or advertising or supplying information.
Second, the conclusion of the trial judge that defendant "probably supplied the brochure" is not only not supported by the record but as we ascertained on oral argument is contrary *91 to fact. The Bar Association prepared the layout and circulation of the brochures and divided the cost with the travel agency.
Third, of the transactions which did occur among the Bar Association, the New Jersey travel agency acting with and for the Bar Association, and defendant, none of them took place in New Jersey, a fact we also confirmed at oral argument. All conferences with defendant were held by Bar Association and travel agency representatives in Florida. The arrangements with defendant on behalf of the Bar Association members were the result of Bar Association initiative, and the obligations of Bar Association members to defendant resulting from the extension of certain check cashing and credit privileges were underwritten by the Bar Association. In fact, it appears from an affidavit filed by a vice-president of Walt Disney World, which is not controverted, that while Walt Disney World
* * * has sent informational material with respect to its entertainment complex to travel agents throughout the eastern United States, including travel agents in the State of New Jersey, on an annual basis, * * * it pays no commission whatsoever to any travel agents who book reservations to its entertainment complex.
It appears from the same affidavit that
Walt Disney World Co. is not qualified to do business in the State of New Jersey, has neither incurred nor paid taxes to the State of New Jersey, has not appointed an agent for the service of process in New Jersey, has never advertised in any local New Jersy media, is not listed in any New Jersey telephone directories, pays no commissions to any travel agent in New Jersey for the booking of reservations at its entertainment complex, has no assets, office or place of business in New Jersey, and has no officers, agents, employees, salesmen or representatives in the State of New Jersey.[1]
*92 We are not unaware that the brochure mentioned above contained a statement (in very fine print under the word "Responsibility" which appeared in large boldface print) that "Rosenbluth Travel Agency acts only as agent for the hotels, airlines, or owners or contractors providing accommodations, transportation or other services * * *." We are entirely satisfied that, on the record before us, this statement does not result in the constitution of Rosenbluth Travel Agency as an agent of Walt Disney World (and thereby as a substantial contact of Walt Disney World with New Jersey). First, the language itself of this proclamation, continuing extensively beyond the brief quotation above and marked with such disclaimers as "That Rosenbluth Travel Agency shall not be or become liable or responsible for any loss, injury or damage [etc.]" or for "any additional expense or liability," sounds far more like a renunciation of responsibility than like an assertion of agency. Additionally, interpretation of the statement to be an assertion of agency by Rosenbluth for Walt Disney World would be inconsistent with the uncontroverted affidavit of the vice president of Walt Disney World, set forth in part above. Beyond this and conclusively significant, proof of agency cannot rest solely on the declarations of the person whose agency is sought to be proved, without other evidence. C.B. Snyder Realty Co. v. Nat'l Newark, etc., Banking Co., 14 N.J. 146, 157 (1953); 2 Restatement, Agency 2d, § 285 at 5 (1958). In this case, at least on the record before us, there is not *93 only an absence of such other evidence, but there is evidence to the contrary.
With respect to Walt Disney World, we do not find the minimal contacts in New Jersey necessary for jurisdiction. See Kislak, Inc. v. Trumbull Shopping Park, 150 N.J. Super. 96 (App. Div. 1977). As was there noted, in a quotation from Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), reh. den. 358 U.S. 858, 79 S.Ct. 10, 3 L.Ed.2d 92 (1958), which we believe here appropriate as well:
But it is a mistake to assume that this trend [i.e., a flexible and indulgent view leading to exercise of jurisdiction against nonresidents in many cases] heralds the eventual demise of all restrictions on the personal jurisdiction of state courts. See Vanderbilt v. Vanderbilt, 354 U.S. 416, 418, 77 S.Ct. 1360, 1362, 1 L.Ed.2d 1456, 1459. Those restrictions are more than a guarantee of immunity from inconvenient or distant litigation. They are a consequence of territorial limitations of the power of the respective States. However minimal the burden of defending in a foreign tribunal, a defendant may not be called upon to do so unless he has had the "minimal contacts" with that State that are a prerequisite to its exercise of power over him. [357 U.S. at 251, 78 S.Ct. at 1238]
We reverse and enter judgment dismissing the complaint for want of jurisdiction. Needless to say, this is not a determination on the merits and so is without prejudice.
NOTES
[1] This affidavit appears in the appendix to the brief of defendant-movant-appellant, and is entitled in the voluntarily dismissed District Court action. Neither party supported the statement of facts appearing in their respective briefs "with supporting references to the appendix and the stenographic transcript." R. 2:6-2(d). Neither party furnished the pleadings or moving papers from the motion here on appeal. See R. 2:6-1(a) (1) and (7). A review of the transcript leaves us not knowing whether this affidavit was before the trial court. Nevertheless, plaintiffs made no mention in their answering brief of any impropriety in its inclusion in defendant's appendix nor does any motion to strike appear. See R. 2:5-5(a). Nor do they, in their responsive brief, attack at all the substance of the affidavit. In such circumstances we are satisfied we are at liberty to consider this affidavit, if we choose.