**538**

622 P.2d 485

NORTHERN PROPANE GAS COMPA-
NY, a Foreign Corporation,
Petitioner,

v.

The Honorable Gordon S. KIPPS, Court
Commissioner and Acting Judge of
Pima County Superior Court, Respon-
dent,

and

Neil P. Isaacson, a single man; Michael R.
Strucel, a single man; Thomas Williams
and Deborah Williams, husband and
wife, Respondents-Real Parties in Inter-
est.

No. 2 CA–CIV 3644.

Court of Appeals of Arizona,
Division 2.

July 10, 1980.

Rehearing Denied Sept. 5, 1980.

Review Granted Sept. 30, 1980.

Lesher, Kimble & Rucker, P. C. by Dar-
win J. Nelson, Tucson, for petitioner.

Molloy, Jones, Donahue, Trachta, Childers
& Mallamo, P. C. by John F. Molloy, Tuc-
son, for respondents-real parties in interest.

OPINION

RICHMOND, Judge.

Petitioner has brought this special
action to challenge the respondent court's

denial of its motion for rehearing on a motion to dismiss for lack of personal jurisdiction. The denial of a motion to dismiss is a non-appealable order. *Engle Brothers, Inc. v. Superior Court in and for the County of Pima*, 23 Ariz.App. 406, 533 P.2d 714 (1975). We assume jurisdiction and grant relief.

Petitioner is a defendant in an action awaiting trial in Pima County Superior Court. Respondents/real parties in interest Isaacson and Strucel are Michigan residents who were injured in Arizona. Real parties in interest Williams are Arizona residents. Petitioner is a foreign corporation which allegedly caused an event to occur in Arizona. On May 1, 1979, this court considered another special action filed by petitioner and declined to accept jurisdiction. Since that denial, however, the Supreme Court of the United States has issued its opinion in *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). The question before us is what effect that case has on the criteria for personal jurisdiction over a nonresident defendant established in Arizona by *Phillips v. Anchor Hocking Glass Corp.*, 100 Ariz. 251, 413 P.2d 732 (1966).

In January 1978 Issacson and Strucel decided to visit Thomas Williams in Tucson. The propane tanks in Issacson's motor home were filled at a Northern Propane Gas Company retail outlet located on an interstate highway in Michigan. Petitioner's employee was told that the motor home would be traveling to Arizona. On January 14, while the motor home was parked at a camp site in Pima County, there was an explosion and Isaacson, Strucel, and Thomas Williams were injured. They contend the explosion occurred because one of the propane tanks had been overfilled by petitioner's employee in Michigan.

There is no evidence that petitioner has any contact with the State of Arizona other than the foreseeability of this accident. Affidavits submitted by petitioner to the respondent court establish that petitioner transacts no business in Arizona, maintains no office or agents in Arizona, owns no property in Arizona, performs no services nor distributes any product in Arizona, neither sells to others who do business in Arizona nor earns any revenue directly or indirectly from sales in Arizona.

Real parties in interest, relying on *Anchor Hocking*, argue that (1) petitioner is a large corporation doing business in approximately 25 states, including New Mexico, in contrast to the regionally-limited business activities of the defendants in *World-Wide Volkswagen*; (2) one of the injured plaintiffs is a resident of Arizona who, unlike the plaintiffs in *World-Wide Volkswagen*, would be forced to travel to a foreign jurisdiction to litigate if jurisdiction over petitioner is denied in Arizona; (3) the foreseeability issue is much broader here because discovery has shown that petitioner, "if not encouraging outright business between its outlets and Arizona residents or residents of other states," is at least indifferent to the possible consequences of doing business with residents of states other than those in which it does business and therefore, consistent with *World-Wide Volkswagen, supra*, 100 S.Ct. at 567, could reasonably anticipate being "haled into court" in those states.

Those arguments are unpersuasive. Under *World-Wide Volkswagen* the economic size of petitioner and the fact that real parties in interest may be forced to go to another state to obtain jurisdiction over petitioner are irrelevant, in the absence of the "contacts, ties, or relations" with the forum state required by *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1935). An isolated occurrence, though foreseeable, is insufficient for personal jurisdiction under the Due Process Clause of the Fourteenth Amendment. The majority opinion in *World-Wide Volkswagen* states:

> ... [T]he foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State. Rather, it is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.

540

100 S.Ct. at 567.

 In short, although the facts of this case might pass constitutional muster under *Anchor Hocking*, they do not under *World-Wide Volkswagen*. The latter case has nullified the *Anchor Hocking* rationale that jurisdiction follows the chattel, despite the absence of any other contact with the forum state. The order denying the motion for rehearing is vacated. The respondent court is directed to enter an order of dismissal.

HATHAWAY, C. J., and HOWARD, J., concur.