622 P.2d 469

**NORTHERN PROPANE GAS COMPANY, a Foreign Corporation, Petitioner,**

v.

**The Honorable Gordon S. KIPPS, Court Commissioner and Acting Judge of Pima County Superior Court, Respondent,**

**and**

**Neil P. Isaacson, a single man; Michael R. Strucel, a single man; Thomas Williams and Deborah Williams, husband and wife, Respondents-Real Parties in Interest.**

**No. 15061–PR.**

Supreme Court of Arizona, In Banc.

Dec. 4, 1980.

Rehearing Denied Jan. 13, 1981.

Lesher, Kimble & Rucker, P. C. by Darwin J. Nelson, Tucson, for petitioner.

Molloy, Jones, Donahue, Trachta, Childers & Mallamo, P. C. by John F. Molloy, Tucson, for respondents-real parties in interest.

CAMERON, Justice.

This is a petition for review of a decision and opinion of the Court of Appeals, Division Two, 127 Ariz. 538, 622 P.2d 485, which reversed the judgment of the Pima County Superior Court and ordered the plaintiffs complaint dismissed for lack of personal jurisdiction over the defendant. We have jurisdiction pursuant to A.R.S. § 12–120.24 and Rule 23, Arizona Rules of Civil Appellate Procedure, 17A A.R.S.

The questions we must decide are:

1. Was the petition for special action timely filed in the Court of Appeals?
2. Did the defendant, Northern Propane Gas Company, have sufficient contacts, ties or relations with Arizona to justify the exercise of personal jurisdiction by an Arizona court, consistent with due process?

The pertinent facts are as follows. In January 1978, Neil Isaacson and Michael Strucel, residents of Michigan, planned a trip to Arizona in Isaacson's motor home to visit Thomas and Deborah Williams who lived in Tucson, Arizona.

The propane gas tanks in the motor home were filled at a Northern Propane Gas Company outlet in Michigan by a company employee. According to Strucel, the employee who filled the tank was told that the motor home would be traveling to Arizona. On 14 January 1978, while the vehicle was parked at a camp site in Pima County, Arizona, an explosion occurred in the motor home, resulting in injury to Isaacson, Strucel and Williams.

Northern Propane was incorporated in Delaware and has its principal place of business in Douglas County, Nebraska. The business of the company is the wholesale and retail selling of propane gas and the ownership and operation of gas distribution properties. Northern Propane is not authorized to do business in Arizona, and there are no offices, records, accounts, sales persons, or agents located in Arizona. The company does no selling or distributing in Arizona. No property or assets are owned in this state.

The injured parties filed suit in Pima County Superior Court against Northern Propane Gas Company, alleging that the cause of the explosion and their injuries was negligence in overfilling one of the propane tanks. The trial court denied Northern Propane's motion to dismiss for lack of personal jurisdiction over the defendants. Northern Propane subsequently filed a special action petition in the Arizona Court of Appeals, Division Two. On 1 May 1979, the Court of Appeals declined jurisdiction.

On 9 June 1980, following the decision of the United States Supreme Court in *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) and the denial of another motion to dismiss in the Pima County Superior Court, Northern Propane filed a second petition for special action challenging the Superior Court's denial of the motion to dismiss in light of the *World-Wide* decision.

The Court of Appeals accepted the petition for special action and directed the trial court to dismiss the complaint.

## TIMELINESS OF THE PETITION FOR SPECIAL ACTION

Initially, we address a procedural point raised by the plaintiffs. The plaintiffs argue that the Court of Appeals should not have accepted the second special action petition of Northern Propane due to the defendant's delay in filing it.

The motion to dismiss was denied by the Superior Court on 25 April 1980. Rule 9(a) of the Arizona Rules of Civil Appellate Procedure, 17A A.R.S., requires a notice of appeal to be filed within 30 days of judgment. Northern Propane filed the petition for special action on 9 June 1980, 45 days after judgment.

■ A denial of a motion to dismiss is a non-appealable order. *Engle Brothers, Inc. v. Superior Court*, 23 Ariz.App. 406, 533 P.2d 714 (1975). Therefore, the time limits governing the filing of appeals are not applicable. Rather, the proper procedure for appellate review of a motion to dismiss is through a petition for special action. *Deere & Company v. Superior Court for Pima County*, 18 Ariz.App. 491, 503 P.2d 967 (1972). There is no specific time limit as to when a petition for special action must be brought, and acceptance of a petition for special action is discretionary with the court. *Bilagody v. Thorneycroft*, 125 Ariz. 88, 607 P.2d 965 (App.1979). We find no abuse of discretion.

## PERSONAL JURISDICTION

Arizona courts are authorized to exercise personal jurisdiction over non-resident defendants under Rule 4(e)(2), Rules of Civil Procedure, 16 A.R.S. The rule states:

"4(e)(2) Summons; personal service out of state. When the defendant is a resident of this state, or is a corporation doing business in this state, or is a person, partnership, corporation or unincorporated association subject to suit in a common name which has caused an event to occur in this state out of which the claim which is the subject of the complaint arose, service may be made as herein provided, and when so made shall be of the same effect as personal service within the state. * * *"

■ The due process clause of the United States Constitution, however, limits the power of a state to achieve personal jurisdiction over a defendant. *Kulko v. Superior Court*, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978); *Pennoyer v. Neff*, 95 U.S. 714, 24 L.Ed. 565 (1878), overruled on other grounds by *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). Personal jurisdiction can be exercised only if the defendant has reasonable notice that an action has been brought and if the defendant has sufficient connection with the forum so that it is fair to require the defendant to defend the action in the forum. *Kulko v. Superior Court*, supra, 436 U.S. at 91, 98 S.Ct. at 1696–1697, 56 L.Ed.2d at 141. One measure of connection with the forum is the contacts which the defendant has maintained with the state in which suit is brought. *International Shoe Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

In *Phillips v. Anchor Hocking Glass Corporation*, 100 Ariz. 251, 413 P.2d 732 (1966), we held that at least minimum contacts must be established before we could fairly exercise jurisdiction over a non-resident defendant. See *International Shoe Co. v. State of Washington*, supra.

What constitutes minimum contacts has recently been discussed by the United States Supreme Court in *World-Wide Volkswagen*, supra. *World-Wide* involved a suit in an Oklahoma court by New York plaintiffs against New York defendants for injuries sustained in Oklahoma. The defendants sold an Audi automobile to the plaintiffs; it burned in Oklahoma and caused injury to the plaintiffs. The defendants, who were the local distributor and seller of the Audi in New York, had no contacts with Oklahoma, conducted no business there, made no sales or solicitations within the state, and did not regularly sell

to Oklahoma buyers. The only contact relied upon by plaintiffs was "the fortuitous circumstance that a single Audi automobile, sold in New York to New York residents, happened to suffer an accident while passing through Oklahoma." 444 U.S. at 295, 100 S.Ct. at 566, 62 L.Ed.2d at 500.

The plaintiffs in *World-Wide*, supra, as the plaintiffs herein, argued that the defendant had sufficient contact with Oklahoma because defendant could foresee injury in Oklahoma due to the inherent mobility of the automobile. Noting that under *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958) "foreseeability" alone is not a sufficient "benchmark" for personal jurisdiction, the United States Supreme Court stated:

" * * * [T]he foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State. Rather, it is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." 444 U.S. at 297, 100 S.Ct. at 567, 62 L.Ed.2d at 501.

■ Applying the test to the defendants, the United States Supreme Court found that although it was foreseeable that a purchaser of an automobile might take it into another state, the mere unilateral activity of those who claim some relationship with a non-resident defendant could not satisfy the requirement of contact with the forum state. *World-Wide*, supra. Relying upon the reasoning in *World-Wide*, supra, we do not find in the instant case that Northern Propane's "conduct and connection" with the State of Arizona was such that it could reasonably anticipate it would be subject to suit in Arizona.

■ Plaintiffs also contend that the facts show that Northern Propane engaged in purposeful conduct in Arizona because Northern Propane was informed that the vehicle would be used in Arizona. A defendant's purposeful activity with the forum state can result in personal jurisdiction being obtained against him. *Kulko v. Superior Court of California*, supra, 436 U.S. at

94, 98 S.Ct. at 1698, 56 L.Ed.2d at 142; *Shaffer v. Heitner*, supra, 433 U.S. at 216, 97 S.Ct. at 2586, 53 L.Ed.2d at 705; *Hanson v. Denckla*, supra, 357 U.S. at 253, 78 S.Ct. at 1240, 2 L.Ed.2d at 1298. The argument is asserted against corporate defendants on the rationale that a corporation which delivers its products into the stream of commerce with the expectation that it will be purchased or used in the forum state should not find it unfair to defend suit in that state. The United States Supreme Court, in *World-Wide*, supra, appears to be in agreement with this theory:

"The forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum state." 444 U.S. at 297–98, 100 S.Ct. at 567, 62 L.Ed.2d at 502.

■ We do not agree, however, that in the instant case Northern Propane engaged in any significant purposeful activity which would make it fair to require the defendant to defend in the State of Arizona. As was stated by the Colorado Supreme Court in a case in which the plaintiff asserted that she told the defendant she was taking the car she was about to purchase to another state, the state in which the injury with the car occurred:

"It is the contention of the plaintiff that Granite States' [defendant's] sale of an automobile to a New Hampshire resident who represented that she intended to use the car in another state was such a purposeful and voluntary act. We do not believe that the plaintiff's notice of intended use to a New Hampshire retailer changes the local character of that retailer's business." *Granite Sales Volkswagen, Inc. v. District Court*, 177 Colo. 42, 45, 492 P.2d 624, 626 (1972).

Plaintiffs also raise the "dangerous instrumentality" argument. In *World-Wide*, supra, the United States Supreme Court stated:

"The 'dangerous instrumentality' concept apparently was never used to support

personal jurisdiction; and to the extent it has relevance today it bears not on jurisdiction but on the possible desirability of imposing substantive principles of tort law such as strict liability." 444 U.S. at 297, n. 11, 100 S.Ct. at 567, n. 11, 62 L.Ed.2d at 501, n. 11.

Finally, the plaintiffs assert that Arizona is the most appropriate forum for the following reasons. One of the injured is an Arizona resident, giving this state a strong interest in the suit. If the case is not heard here, the Arizona plaintiff will be forced to travel to Michigan to institute suit. The economic disparity between the plaintiffs and defendants requires litigation in Arizona.

In *World-Wide*, the United States Supreme Court made clear that a threshold due process requirement for assertion of jurisdiction is contacts, ties or relation with the forum state. Absent those ties, the state cannot exercise jurisdiction despite an interest or the inconveniences to the parties:

> "Even if the defendant would suffer minimal or no inconvenience from being forced to litigate before the tribunals of another State; even if the forum State has a strong interest in applying its law to the controversy; even if the forum State is the most convenient location for litigation, the Due Process Clause, acting as an instrument of interstate federalism, may sometimes act to divest the State of its power to render a valid judgment."
> *World-Wide Volkswagen, Inc. v. Woodson*, supra, 444 U.S. at 294, 100 S.Ct. at 565–566, 62 L.Ed.2d at 499–500.

Until minimum contacts with the forum are established by the plaintiff, economic disparity and convenience of the parties are not relevant considerations. Injury alone will not confer jurisdiction in the forum state. We hold that the Court of Appeals correctly found that Northern Propane had insufficient contacts with Arizona to support an exercise of personal jurisdiction by an Arizona court.

Because the Court of Appeals held that *World-Wide Volkswagen*, supra, nullified the prior Arizona Supreme Court case of *Phillips v. Anchor Hocking Corporation*, supra, we feel we must also address the effect of *World-Wide* on *Anchor Hocking*.

We hold that such principles as stated in the *Anchor Hocking* case as are inconsistent with pronouncements in *World-Wide* are overruled. We do not abrogate the long arm statute, Rule 4(e)(2), Arizona Rules of Civil Procedure, 16 A.R.S. If the defendant is doing business or causes an event to occur in Arizona, he may be subjected to the personal jurisdiction of our courts, but only after minimum contacts between the defendant and this state have been established. *Manufacturers' Lease Plans v. Alverson, Etc.*, 115 Ariz. 358, 565 P.2d 864 (1977); *Maloof v. Raper Sales, Inc.*, 113 Ariz. 485, 557 P.2d 522 (1976); *Houghton v. Piper Aircraft Corporation*, 112 Ariz. 365, 542 P.2d 24 (1975); *Amba Marketing Systems, Inc. v. Lobar Intern, Inc.*, 551 F.2d 784 (9th Cir. 1977).

Opinion of the Court of Appeals vacated. The denial ᴏɴ defendant Northern Propane's motion to dismiss is set aside, and the matter is remanded to the Superior Court for further action consistent with this opinion.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and HAYS and GORDON, JJ., concur.