The dismissal by the trial court for lack of personal jurisdiction was correct.

Affirmed.

HOWARD, C.J., and HATHAWAY, J., concur.

674 P.2d 905

Warner FISCHER and Florence Fischer, husband and wife, Plaintiffs/Appellees,

v.

SPICKLER'S LEISURE WORLD, INC., a foreign corporation, Fleetwood Enterprises, Inc., a foreign corporation, Fleetwood Motor Homes of Indiana, Inc., a foreign corporation, Pace Arrow of Indiana, a foreign corporation, and Chrysler Corporation, a foreign corporation, Defendants/Appellants.

No. 2 CA–CIV 4913.

Court of Appeals of Arizona, Division 2.

Dec. 28, 1983.

Lawrence E. Condit, Tucson, for plaintiffs/appellees.

Tilker, Ranger, Nearhood & Dillingham by John L. Dillingham, Scottsdale, for defendants/appellants.

## OPINION

HOWARD, Chief Judge.

This is an appeal from the denial of a motion to set aside a default judgment. The judgment was entered against Spickler's Leisure World, Inc., appellant, in favor of Warner and Florence Fischer, appellees, in the amount of $31,186.10.

The pertinent facts are as follows. Plaintiffs/appellees, the Fischers, purchased a 1978 Pace Arrow motor home from defendant/appellant Spickler's on or about May 9, 1978, in Chippewa Falls, Wisconsin. At that time the Fischers informed Spickler's that they were Arizona residents. Spickler's is a Wisconsin corporation. It has its principal place of business in Chippewa Falls and does not conduct any business in Arizona nor solicit any Arizona residents for the purpose of selling to them. After purchasing the motor home, the Fischers claimed to have discovered certain non-conformities and defects in it. After several attempts to have these things corrected at other motor home dealers, they brought suit for breach of contract against Spickler's and others.

Spickler's was personally served in Wisconsin and when it failed to answer, a default judgment was entered. Spickler's made a motion to set aside the default judgment on the ground that there was no personal jurisdiction. That motion was denied and this appeal followed. We find that the trial court had no personal jurisdiction over Spickler's Leisure World, Inc. and reverse.

■ Personal jurisdiction can be exercised over a defendant only if that person has reasonable notice that the action has been brought against him and also if that defendant has a sufficient connection with the forum state such that it is fair to require the defendant to defend the action in that forum. *Kulko v. Superior Court,* 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978); *Northern Propane Gas Co. v. Kipps,* 127 Ariz. 522, 622 P.2d 469 (1980). There is no question here of notice. Spickler's contends that the lack of sufficient minimum contacts with Arizona prevents the court from exercising personal jurisdiction over it.

■ What constitutes minimum contacts for the purpose of personal jurisdiction was discussed by the United States Supreme Court in *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). The Fischers contend that since Spickler's had notice that they were Arizona residents and their Arizona address was put on the sales slip that it was forseeable that the vehicle would travel to Arizona. However, as the Supreme Court said in *World-Wide Volkswagen:*

> "This is not to say, of course, that forseeability is wholly irrelevant. But the forseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State. Rather, it is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." 444 U.S. at 297, 100 S.Ct. at 567.

In *World-Wide Volkswagen* the Supreme Court held that a single isolated occurrence of the sale of a car in New York which car suffered an accident in Oklahoma was insufficient to vest Oklahoma with personal jurisdiction over the seller and distributor of the automobile in New York when that seller and distributor had solicited no business in Oklahoma, used no advertising calculated to reach the state nor regularly sold cars at wholesale or retail to Oklahoma customers or residents.

■ The instant case is clearly analogous. Here we have a retail seller selling to a purchaser who takes the vehicle to Arizona. This is insufficient minimum contact because the retail seller has not availed itself

of any of the privileges or benefits of Arizona law.

Appellees cite the following section of *World-Wide Volkswagen* to support its contention that minimum contacts were sufficient:

"The forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State." 444 U.S. at 297–298, 100 S.Ct. at 567.

The Fischers claim that since they informed Spickler's that they sold Indian jewelry interstate and that the motor home would be used in furtherance of this interstate business that Spickler's was placing its product into the stream of commerce. This is clearly incorrect. The words "expectation that they will be purchased by consumers in the forum State" indicate the necessity of some retailer or agent of the defendant who sells products to ultimate consumers in the forum state. .

█ In the instant case Spickler's, Inc. sold products to the ultimate consumer only in Wisconsin. No sales of Spickler's products take place in Arizona either through Spickler's or through an agent of Spickler's. If this sort of minimum contact were not required then "[e]very seller of chattels would in effect appoint the chattel his agent for service of process." *World-Wide Volkswagen,* 444 U.S. at 296, 100 S.Ct. at 566. Thus, appellees' citation of *Le Manufacture Francaise v. District Court,* 620 P.2d 1040 (Colo.1980) is inapposite. As the Arizona Supreme Court stated in *Northern Propane Gas Co. v. Kipps,* supra:

". . . a threshold due process requirement for assertion of jurisdiction is contacts, ties or relation with the forum state. Absent those ties, the state cannot exercise jurisdiction despite an interest or the inconveniences to the parties. . . ." 127 Ariz. at 527, 622 P.2d 469.

The superior court is reversed and the case is remanded with instructions that the court grant appellants' motion to set aside the default judgment on the ground it was void.

HATHAWAY and BIRDSALL, JJ., concur.