693 P.2d 904

Louis **MEYERS** and Shirley Meyers, husband and wife, Plaintiffs-Appellants,

v.

**HAMILTON CORPORATION,** a Tennessee corporation, dba Carnival Tours, Defendant-Appellee.

No. 17627–PR.

Supreme Court of Arizona, In Banc.

Dec. 19, 1984.

Reconsideration Denied Jan. 29, 1985.

Ridge & Isaacson by Warren C. Ridge, Steven J. Duffy, Phoenix, for plaintiffs-appellants.

Evans, Kitchel & Jenckes, P.C. by David J. Ouimette, David F. Gaona, Phoenix, for defendant-appellee.

CAMERON, Justice.

This is a petition for review of a memorandum decision of Division One of the Court of Appeals affirming an order of the Maricopa County Superior Court granting defendant's motion to dismiss for lack of personal jurisdiction. We have jurisdiction pursuant to A.R.S. § 12–120.24 and Rule 23, Arizona Rules of Civil Appellate Procedure, 17A A.R.S.

The issues presented for review are:

1. Did the defendant cause an event to occur in this state out of which the claim arose?

2. If so, did the defendant have sufficient minimum contacts with Arizona to justify the assertion by an Arizona court of personal jurisdiction, consistent with due process?

The facts of this case are not in dispute. The plaintiffs, Louis and Shirley Meyers, residents of Phoenix, Arizona, booked passage on defendant Hamilton Corporation's cruise ship the TSS Festivale through the Four Seasons Travel Agency, located in Phoenix. Defendant is a foreign corporation, incorporated in the State of Tennessee, and operates a pleasure cruise business called "Carnival Cruises" out of the state of Florida.

Plaintiffs had no direct contact with defendant prior to the cruise. They booked passage through Four Seasons and Four Seasons contacted defendant to determine space availability. After this was ascertained, Four Seasons accepted payment from the plaintiffs, provided them with a receipt, and forwarded the monies to the

defendant. Defendant prepared all necessary sailing documents including air tickets, cruise tickets, luggage tags, etc., and forwarded them to Four Seasons, who in turn delivered them to the plaintiffs. It is assumed that Four Seasons received a commission from defendant for their service.

Plaintiffs flew to Miami where they boarded one of defendant's ships. After the vessel left port, plaintiffs discovered that their luggage had been placed upon another of defendant's ships. Despite assurances that their luggage would be forwarded to them at the next port, the plaintiffs did not see their baggage again until their return to Miami at the end of the cruise.

Plaintiffs sued defendant for damages allegedly arising out of defendant's "negligent or willful actions" which rendered them "deprived of the pleasurable aspects of the cruise, constituting failure of consideration." The complaint was captioned "Contract; Tort Non-Motor Vehicle." Process was served by registered mail upon an officer of the defendant in Miami.

Defendant moved for dismissal of the complaint, on grounds that personal jurisdiction was not obtained pursuant to Arizona's long arm statute, Rule 4(e)(2), Arizona Rules of Civil Procedure, 16 A.R.S., which provides in pertinent part:

> When the defendant * * * is a * * * corporation * * * which has caused an event to occur in this state out of which the claim which is the subject of the complaint arose, service may be made as herein provided, and when so made shall be of the same effect as personal service within the state.

In opposition to the motion to dismiss, the plaintiffs supplied affidavits stating that they had seen advertisements for defendant's cruises in Phoenix. An undated copy of an advertisement for Carnival Cruises, bearing the name of another travel agent, was attached. Although the publication in which this particular advertisement appeared is unidentified, the ticket price was quoted for a person "departing Phoenix."

The trial judge dismissed the action for failure "to establish a sufficient jurisdictional basis" against defendant and plaintiffs appealed. The Court of Appeals, in a memorandum decision, affirmed, and we granted plaintiffs' petition for review.

In considering the matter, we note that two requirements must be met for an Arizona court to assert personal jurisdiction over a nonresident defendant. *Manufacturers' Lease Plans, Inc. v. Alverson Draughon College*, 115 Ariz. 358, 565 P.2d 864 (1977). First, the requirements of our long arm statute, Rule 4(e)(2) of the Rules of Civil Procedure, 16 A.R.S., must be met. Second, plaintiffs must show that defendant has Arizona contacts sufficient for maintenance of the suit so as not to offend traditional notions of fair play and substantial justice. *E.g., World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Northern Propane Gas Co. v. Kipps*, 127 Ariz. 522, 622 P.2d 469 (1980).

## THE ARIZONA LONG ARM STATUTE

As noted above, Arizona's long arm statute provides in part that jurisdiction may be exercised over a nonresident defendant "which has caused an event to occur in this state out of which the claim which is the subject of the complaint arose * * *." Rule 4(e)(2), Arizona Rules of Civil Procedure, 16 A.R.S. In the instant case, the advertisements were published in Arizona. The sale was made in Arizona through the Four Seasons Travel Agency. Plaintiffs paid in Arizona and received the necessary travel documentation in this state. We believe that the contract "out of which the claim * * * arose" was made in Arizona, and the Arizona long arm statute applies.

It is argued, however, that whether the long arm statute applies depends in part upon whether plaintiffs' claim is characterized as one sounding in tort or in contract. If the claim is one sounding in

tort and no tortious event or injury occurred in Arizona, Arizona jurisdiction is improper. *See, e.g., McBreen v. Beech Aircraft Corp.,* 543 F.2d 26, 28 (7th Cir.1976) (for purposes of applying Illinois' long arm statute, tort is committed in the place where the injury occurs). Defendant contends that the action sounds in tort and therefore Arizona's long arm statute does not apply. We believe, however, the complaint is founded on a contract. Whether or not the remedy sought is in tort, the essence of the claimed breach is that a total failure of consideration occurred. The claimed breach is coextensive with the reach of the underlying contract. Thus, the alleged breach touched Arizona. *See Northcross v. Joslyn Fruit Co.,* 439 F.Supp. 371, 374 (D.C.Ariz.1977) (consummation and breach of contract is a damage causing event for purposes of Arizona long arm statute). This construction comports with the broad remedial purpose of our long arm statute which has been construed to confer upon Arizona residents the maximum privileges permitted by the Constitution of the United States. *E.g., Houghton v. Piper Aircraft Corp.,* 112 Ariz. 365, 367, 542 P.2d 24, 26 (1975). We believe the requirements of our long arm statute have been met.

## MINIMUM CONTACTS

Having satisfied our long arm statute, plaintiffs must also show that defendant has sufficient or minimum contacts with Arizona such that the maintenance of the suit in this state does not offend traditional (federal and state) notions of fair play and substantial justice. *World-Wide Volkswagen,* supra.

The minimum contacts requirement assures that a defendant asked to defend a suit in this state has reasonable notice of his susceptibility to suit here. *Kulko v. Superior Court,* 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978); *Northern Propane,* supra. Defendants engaging in systematic and continuous conduct in Arizona are charged with knowledge of such susceptibility. Therefore, if a defend-

ant has "purposefully avail[ed] itself of the privileges of conducting activities within the forum state, thus invoking the benefits and protections of its laws[,]" minimum contacts exist. *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283, 1298 (1958). Conversely, isolated or sporadic contacts with this state will not suffice.

In a similar case in which the plaintiff booked an around-the-world cruise on the Cunard's Queen Elizabeth II (QEII) with a local travel agent after reading an advertisement placed by Cunard in an Atlanta (Georgia) newspaper, the Georgia court stated:

Thus, the issue is can Cunard, by conducting its commercial activities through a contractual process with an independent contractor for advertising and a fee arrangement with local travel agencies, insulate itself from local jurisdiction, i.e. legal action in the local forum based on a contract which was induced by its advertising campaigns and finalized by local independent travel agencies?

The court went on to hold:

Cunard voluntarily availed itself of the right to conduct commercial activities within the State of Georgia on a continuing and systematic basis through its national and local advertising and distribution of ticket stock to different travel agencies, and telephone correspondence with such travel agencies. The further requisites of procedural due process have been met by adequate notice and opportunity to appear and be heard. The trial court erred in sustaining the motion to dismiss based on lack of jurisdiction.

*Hollingsworth v. Cunard Line Limited,* 152 Ga.App. 509, 514–15, 263 S.E.2d 190, 193–94 (1979) (citations omitted). *See also, Calder v. Jones,* —— U.S. ——, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984); *Keeton v. Hustler Magazine, Inc.,* —— U.S. ——, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984) (recent United States Supreme Court rulings in libel cases that have liberalized the minimum contacts test); *Foreign Study League v. Holland American Line,* 27

Utah 2d 442, 497 P.2d 244 (1972). *Cf. Serbin v. Walt Disney World,* 159 N.J.Super. 88, 386 A.2d 1372 (App.1978) (New Jersey jurisdiction improper because, among other reasons, although New Jersey travel agent was involved, no transactions occurred in New Jersey).

 To determine whether sufficient minimum contacts exist, it is not the number of contacts involved but the importance of the particular contacts. Quality, not the quantity of defendant's activities, is what is persuasive. *See Thos. P. Gonzales Corp. v. Consejo Nacional de Producion de Costa Rica,* 614 F.2d 1247, 1252 (9th Cir.1980); *International Shoe, supra.* In the instant case, one of the most persuasive contacts was that money changed hands in Phoenix, Arizona. This transaction, we believe, coupled with the advertising and the delivery of the tickets in Arizona, established sufficient minimum contacts such that Arizona's exercise of personal jurisdiction in this case complies with the requirements of fair play and substantial justice. We do not believe it offends traditional notions of fair play and substantial justice to require that defendant come to Arizona and defend, rather than requiring the plaintiffs to go to Florida in order to sue.

The opinion of the Court of Appeals is vacated, the order of the trial court granting defendant's motion to dismiss is set aside, and the matter remanded for further proceedings not inconsistent with this opinion.

GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.

HOLOHAN, Chief Justice, dissenting.

The majority holds, contrary to the reasoned conclusions of the trial court and the Court of Appeals, that defendant Hamilton Corporation is subject to Arizona's long-arm jurisdiction. I disagree with the majority's conclusion on both the Arizona long-arm provision issue and the due process issue and conclude that the trial court's ruling granting defendant's motion to dismiss for failure to establish *in personam* jurisdiction should be affirmed.

### RULE 4(e)(2)

The Arizona long-arm rule provides that a nonresident corporation can be subject to jurisdiction in the Arizona courts if it is either "doing business in this state" or "has caused an event to occur in this state out of which the claim which is the subject of the complaint arose...." Rule 4(e)(2), Arizona Rules of Civil Procedure, 16 A.R.S. Plaintiffs do not contend that defendant is doing business in this state. They argue instead that defendant has caused an event to occur in this state out of which the claim arose, and that event is the agreement to provide a cruise. The majority agrees with the plaintiff that the formation of the contract in Arizona was the "event" out of which the claim arose. It is conceded that if the claim is one sounding in tort and no tortious event occurred in Arizona there is no jurisdiction in this state. *Ante* 906–907.

Plaintiffs maintain that they were promised a "pleasure cruise" which, due to the fact that they were deprived of their luggage during the cruise, was not "pleasurable." Their luggage had erroneously been placed on another of defendant's ships. Although the events surrounding the missing luggage and the cruise occurred outside of this state, the majority conclude that the essence of the contract claim is a total failure of consideration and the facts fit within the scope of the Arizona long-arm rule in the following way: "The claimed breach is co-extensive with the reach of the underlying contract. Thus, the alleged breach touched Arizona." *Ante* 907. I agree that the alleged breach "touched" Arizona insofar as plaintiffs are Arizona residents and part of the contracting process took place in Arizona. This does not, however, satisfy the requirement that defendant caused an event to occur. The event which caused plaintiffs' displeasure was the misdelivery of the luggage. The events surrounding the formation of the contract which might justify jurisdiction, are not the subject of complaint. The claim of the plaintiffs is a collateral matter arising out of an event which occurred wholly outside of this state.

## DUE PROCESS

A more important consideration is the issue of due process. I agree with the majority that to establish *in personam* jurisdiction in Arizona the provisions of both the long-arm rule and constitutional due process must be met. *Ante* 906, 907. Due process is satisfied if the defendant has sufficient contacts with the forum state so that maintenance of the suit does not offend traditional notions of fair play and substantial justice.

The majority states that "isolated or sporadic contacts with this state will not suffice." *Ante* 907. Nevertheless it finds sufficient "minimum contacts" based solely on the single transaction and advertisement in this case:

> In the instant case, one of the most persuasive contacts was that money changed hands in Phoenix, Arizona. This transaction, we believe, coupled with the advertising and the delivery of the tickets in Arizona, established sufficient minimum contacts such that Arizona's exercise of personal jurisdiction in this case complies with the requirements of fair play and substantial justice.

*Ante* 908. The so-called change of money consisted of the plaintiffs paying a travel agent who sent the money to the defendant, and the defendant sent tickets to the travel agent for delivery to the plaintiffs. There is nothing in that transaction which is the subject of complaint between the parties. The matter at issue involves activities which happened totally outside of Arizona. At most one can describe the loss of luggage as collateral to the contract, but it is not sufficient to support jurisdiction in a constitutionally cognizable sense. *World Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Under the rationale of the majority if one of the defendant's waiters spilled soup on the plaintiffs while at sea, Arizona would have jurisdiction of plaintiffs' complaint in contract against the defendant for failure to deliver a pleasure cruise.

I believe the majority's reliance on *Hollingsworth v. Cunard Line, Ltd.,* 152 Ga. App. 509, 263 S.E.2d 190 (1979) is misplaced. The portion of the Georgia court's opinion quoted by the majority illustrates the obvious distinction between that case and the case at bench: "Cunard voluntarily availed itself of the right to conduct commercial activities within the state of Georgia on a continuing and systematic basis through its national and local advertising and distribution of ticket stock to different travel agencies, and telephone correspondence with such travel agencies." *Ante* 907. The Georgia court's assertion of jurisdiction was based on the Georgia long-arm statute which extends jurisdiction over any non-resident for a cause of action arising from the transaction of any business within the state. *Id.* 263 S.E.2d 190. The continuing and systematic commercial activity in the Georgia case is in sharp contrast to the isolated event in this case.

I would affirm the opinion of the Court of Appeals and the trial court's granting of defendant's motion to dismiss for lack of *in personam* jurisdiction.