# WESTERN SAVINGS AND LOAN ASSOCIATION
## v. WILLIAM W. HARRIS AND ANOTHER.

168 N. W. (2d) 498.

May 23, 1969—No. 41398.

*John R. O'Keefe* and *David K. Hackley,* for appellants.

*Darrell M. Sears,* for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Frank T. Gallagher, JJ.

MURPHY, JUSTICE.

This is an appeal from an order of the district court denying a motion for a new trial and from a judgment entered in an action by

Western Savings and Loan Association, an Arizona corporation, against William W. Harris and Imogene S. Harris, his wife, residents of Minnesota, to recover the balance due on a default judgment entered against defendants in the State of Arizona. Defendants ask for a reversal, claiming that "the Arizona Court had not acquired jurisdiction over the persons of defendants prior to the entry of its judgment."

The facts out of which the controversy arose are not in dispute. Defendants, on November 22, 1963, while residents of the State of Arizona, executed in Arizona a promissory note, secured by a real-estate mortgage. On April 27, 1965, defendants left Arizona, and since that time have been residents of the State of Minnesota. On July 30, 1965, the deputy sheriff of Crow Wing County served a summons and complaint on defendants at their home in Cass County, Minnesota, in an action instituted in Arizona by plaintiff which sought recovery on the note and foreclosure of the mortgage. Defendants did not answer or appear, plaintiff thus securing a default judgment which was entered on September 7, 1965, in the amount of $30,950.33. The mortgaged real estate was sold pursuant to court order, but the proceeds left an unpaid deficiency of $8,450.23, plus interest and costs. Plaintiff commenced this action on July 3, 1967, in Minnesota to recover the deficiency. The lower court found that the Arizona court had jurisdiction to render the personal judgment and, accordingly, awarded plaintiff judgment for the amount of the deficiency with costs and disbursements, except for the costs incurred in serving the summons and complaint.

Defendants direct their attack to the jurisdiction of the Arizona court over nonresident defendants. They contend that Rule 4(e) (2), Arizona Rules of Civil Procedure, does not give to the Arizona courts personal jurisdiction over a nonresident defendant in a strictly contractual action. The pertinent part of the rule reads:

"When the defendant is a resident of this state, or is a corporation doing business in this state, or is a person, partnership, corporation or unincorporated association subject to suit in a common name which has caused an event to occur in this state out of which the claim which is the subject of the complaint arose, service may be made as

herein provided, and when so made shall be of the same effect as personal service within the state."

In the wake of International Shoe Co. v. Washington, 326 U. S. 310, 66 S. Ct. 154, 90 L. ed. 95, 161 A. L. R. 1057, and McGee v. International Life Ins. Co. 355 U. S. 220, 78 S. Ct. 199, 2 L. ed. (2d) 223, many states enacted statutes broadening the basis for acquiring jurisdiction over foreign corporations and nonresidents. In discussing the application of Minn. St. 303.13, subd. 1(3), relating to foreign corporations having contacts in Minnesota, we said in The Dahlberg Co. v. Western Hearing Aid Center, 259 Minn. 330, 333, 107 N. W. (2d) 381, 384:

"* * * By these statutes the legislature has recognized that the development of interstate commerce has brought about a fundamental change in our national economy which justifies expanding the scope of state jurisdiction over foreign corporations and other nonresidents. They comprehend, as indicated by the International Shoe case, that one who by his conduct creates a cause of action against himself in a state ought to be subject to action in that state. Under the former concept of 'physical presence,' 'consent,' or 'doing business' as a basis for jurisdiction, defendants have had too much protection. Plaintiffs ought to be entitled to try their cases where the facts occur, the witnesses normally reside, and local law applies. This is in keeping with the 'fair play' and 'substantial justice' standard laid down in the International Shoe case as the proper one to apply to the problem. It is no greater hardship on the defendant to try his case where his voluntary act brought the dispute into being than to require the plaintiff to try it only where he may later be able to get service on the defendant's person. The enactment of the new statutes and the numerous decisions on the subject have given rise to the most extensive reexamination of this area of the law since the early statutes providing for service of process on nonresident motorists by service on a state official were validated by Hess v. Pawloski, 274 U. S. 352, 47 S. Ct. 632, 71 L. ed. 1091. Minn. St. 170.55; 12 Dunnell, Dig. (3 ed.) § 6515j(40)."

It would appear that defendants agree with the policy and purpose

of these statutes but contend that the Arizona rule is narrower than the long-arm statutes of other states and does not include the subject of contracts or the breach thereof.[1] Defendants argue that, unlike long-arm statutes in force in other states such as Minnesota, which specifically relate to ownership and use of property, business transactions, torts, and products liability, the Arizona rule is limited to situations where the nonresident has "caused an event to occur." It is contended that this language would give personal jurisdiction over nonresident individuals in tort actions only and would not include contracts or commercial transactions.

■ Our attention has not been called to any Arizona case which has passed upon the question presented. It would appear, however, from the statement of the Arizona Supreme Court in Phillips v. Anchor Hocking Glass Corp. 100 Ariz. 251, 413 P. (2d) 732, 19 A. L. R. (3d) 1, that that court would be disposed to giving the phrase "caused an event to occur" a broader application than defendants contend for. While the Phillips case was an action in tort, and the precise question was not presented and passed upon, the Arizona court did indicate that the rule should be given broad application. In disussing the interpretation of the rule, the Arizona court said (100 Ariz. 254, 413 P. [2d] 733):

"The question presented is whether these facts will allow our trial court to exercise in personam jurisdiction over the defendant. Rule 4

---

[1] The Minnesota long-arm statute, Minn. St. 543.19, subd. 1, relating to personal jurisdiction over foreign corporations and nonresident individuals, is applicable when such a corporation or individual:

"(a) Owns, uses, or possesses any real or personal property situated in this state, or

"(b) Transacts any business within the state, or

"(c) Commits any tort in Minnesota causing injury or property damage, or

"(d) Commits any tort outside of Minnesota causing injury or property damage within Minnesota, if, (1) at the time of the injury, solicitation or service activities were carried on within Minnesota by or on behalf of the defendant, or (2) products, materials or things processed, serviced or manufactured by the defendant were used or consumed within Minnesota in the ordinary course of trade."

(e) (2) allows Arizona courts to acquire personal jurisdiction over a nonresident defendant who 'has caused an event to occur in this state out of which the claim which is the subject of the complaint arose.' The constitutionality of the rule has been upheld in Heat Pump Equipment Co. v. Glen Alden Corp., 93 Ariz. 361, 380 P. 2d 1016. The choice of the general language quoted above is intended to give Arizona residents the maximum privileges permitted by the Constitution of the United States. State Bar Committee Note following Rule 4(e)(1). Hence, we must discover the limits of personal jurisdiction constitutionally allowed, then decide whether the case before us falls within those limits."

The constitutionality of the Arizona rule was upheld in Executive Properties, Inc. v. Sherman (D. Ariz.) 223 F. Supp. 1011. In that case the court commented on an Illinois statute similar in its provisions to Minn. St. 543.19, subd. 1, and said (223 F. Supp. 1016):

"The scope and procedural effect of this statute and Rule 4 are identical. The Illinois statute takes four subsections to accomplish what the Arizona rule does in one inclusive sentence."

It is our view that, in adopting Rule 4(e)(2), the Arizona Supreme Court, without resorting to excessive verbiage, intended by the use of the phrase "caused an event to occur" to include all claims arising out of tortious acts and those involving contract and breach of contract in which there was sufficient contact in the State of Arizona. The policy and purpose of the rule is appropriately applied to the facts in this case. The trial court, in its memorandum, noted:

"* * * In my view the nonresident defendants' contacts with the State of Arizona were very substantial in this case, consisting as they did of ownership of real estate in that State at the time the action was started, the execution of a promissory note payable to an institution of that state during the period of their residency, the execution of a mortgage securing said promissory note, and their subsequent default in payments due under said note and mortgage. * * * Furthermore, it does not offend * * * 'traditional notions of fair play and substantial justice' that defendants should be required to defend in

the state where they had acquired real estate and executed a note and mortgage in an action involving such real estate and arising out of said note and mortgage."

We accordingly hold, as the Supreme Court of Arizona suggested in the Phillips case, that the language of Rule 4(e) (2) should be given broad application so as to include the contractual relationship of the parties as it appears from the record, and that the record presents sufficient contacts to establish in personam jurisdiction to support the judgment below. Knight v. District Court, 162 Colo. 14, 424 P. (2d) 110; Note, 52 Minn. L. Rev. 698, 743; Seidelson, *Jurisdiction over Nonresident Defendants: Beyond "Minimum Contacts" and the Long-Arm Statutes,* 6 Duquesne U. L. Rev. 221; Johnson, *How Minimum is "Minimum Contact"? An Examination of "Long Arm" Jurisdiction,* 9 S. Tex. L. J. 184; Annotation, 20 A. L. R. (3d) 1201; 20 Am. Jur. (2d) Courts, § 146.

■  Defendants point out that the service was made by the deputy sheriff of Crow Wing County upon defendants, who resided in Cass County, Minnesota, and call attention to Rule 4(e) (2), Arizona Rules of Civil Procedure, which provides that out-of-state service may be made by a person authorized to serve process under the law of the state where such service is made. We consider the objection to the service without merit. Rule 4.02, Minnesota Rules of Civil Procedure, recites:

"The sheriff of the county in which the defendant is found may make service of summons and other process, and fees and mileage shall be allowed therefor.

"Any person not a party to the action may make service of a summons."

It is apparent that under the second part of the above-quoted rule, there was no territorial restriction or personal disqualification that would prevent proper service by the deputy sheriff.

Affirmed.