498 P.2d 166

**MOLYBDENUM CORPORATION OF AMERICA, a corporation, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF PIMA, et al., Respondents.**

No. 2 CA–CIV 1208.

Court of Appeals of Arizona, Division 2.

June 13, 1972.

Rehearing Denied June 30, 1972.

Review Denied Sept. 12, 1972.

Robertson, Molloy, Fickett & Jones, P. C., by Alan Silverman, Tucson, for petitioner.

Bilby, Thompson, Shoenhair & Warnock, P. C., by T. Scott Higgins, Tucson, for respondents Bailey.

HOWARD, Judge.

The petitioner, defendant in a pending lawsuit for breach of contract, seeks relief from an order denying its motion to dismiss on the ground of lack of jurisdiction. Since appellate intervention by way of special action is available in appropriate cases, such as here, we assume jurisdiction. *See* Industrial Commission v. Superior Court, 5 Ariz.App. 100, 423 P.2d 375 (1967).

The basis for the defendant's motion to dismiss was that the court had acquired no personal jurisdiction of it by service of process pursuant to Rule 4(e) (2), Ariz.R. Civ.P., 16 A.R.S., as amended. The plaintiffs' position was that the defendant had caused an event to occur in this state out of which their claim arose and therefore service of process pursuant to this rule conferred jurisdiction upon the court.[1]

There is no dispute as to the controlling facts:

1. The defendant is a non-resident corporation.

2. The plaintiffs are residents of Tucson, Arizona.

3. The defendant wrote to the plaintiff-husband from New Mexico and offered him a job in New Mexico.

4. The plaintiff-husband accepted the job offer by letter mailed in Tucson, Arizona.

5. The plaintiff-husband was subsequently informed via a phone call from New Mexico to Arizona that the defendant did not intend to perform in accordance with its original offer.

The landmark case in this state dealing with our long-arm statute is Phillips v. Anchor Hocking Glass Corp., 100 Ariz. 251, 413 P.2d 732 (1966). Although the *Phillips* case was an action in tort, our Supreme Court did indicate that Rule 4(e) (2) should be given broad application. The parties here do not question the applicability of the rule to claims arising out of contract. We agree that by use of the phrase "caused an event to occur" the rule was intended to include contract claims. *See* Western Savings & Loan Ass'n v. Harris, 283 Minn. 419, 168 N.W.2d 498 (1969).

The United States Supreme Court has established the principle that a state court may acquire personal jurisdiction over a non-resident defendant who has had "minimum contacts" with the forum state so that "traditional notions of fair play and substantial justice" will not be offended by maintenance of the suit. McGee v. International Life Ins. Co., 355 U.S. 220, 78 S. Ct. 199, 2 L.Ed.2d 223 (1957); International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Thus, we see that our inquiry is twofold: (1) Did the claim arise out of an event caused by the defendant in this state, and (2) if so, is it violative of due process to require the defendant to defend the action in Arizona?

It is true that the defendant caused an event to occur in Arizona namely, the consummation of an employment contract with the plaintiff-husband. It is also true that the subject matter of the plaintiffs' lawsuit was this very same contract. However, in determining whether assump-

---

1. Rule 4(e) (2), as amended, provides for service by registered mail or direct service out of the state:

"When the defendant is a resident of this state, or is a corporation doing business in this state, or is a person, partnership, corporation or unincorporated association subject to suit in a common name which has caused an event to occur in this state out of which the claim which is the subject of the complaint arose, service may be made as herein provided, and when so made shall be of the same effect as personal service within the state. . . ."

tion of jurisdiction by Arizona will offend traditional notions of fair play and substantial justice, consideration must be given to the quality, nature and extent of the defendant's activity in this state, the relative convenience of the parties, the benefits and protection of Arizona laws afforded the respective parties, and the basic equities of the situation. White v. Goldthwaite, 204 Kan. 83, 460 P.2d 578 (1969); Long v. Mishicot Modern Dairy, Inc., 252 Cal.App.2d 425, 60 Cal.Rptr. 432 (1967).

We agree with petitioner that, notwithstanding the fact that Rule 4(e)(2) was designed to afford maximum protection to Arizona residents, in order to confer *in personam* jurisdiction satisfaction of the "minimum contacts" rule is required. Although there is no hard and fast rule as to what constitutes "minimum contacts", and courts must look to the fact situation of the individual case in making such determination, Mermis v. Weeden & Co., 8 Ariz.App. 166, 444 P.2d 524 (1968), we cannot expand the jurisdiction of the Arizona courts over non-domiciliaries beyond constitutionally permissible limits. The facts of this case, as set forth above, reveal that Arizona's only nexus is the fact that the defendant's employment offer was accepted by the plaintiff-husband by his act of depositing a written acceptance in the mail in Arizona. Consequently this act on the part of the plaintiff-husband effected consummation of the contract of employment in Arizona.

Both parties to this special action have cited respectable authority for their respective positions. An excellent annotation of cases dealing with the subject may be found in 20 A.L.R.3d 1201 (1968). No useful purpose would be served by a detailed discussion of the various cases allowing or repudiating *in personam* juris-

diction over a non-domiciliary for breach of contract. Suffice it to say that in each of the cases which allowed jurisdiction we find some activity on the part of the defendant either before or after the execution of the contract or some performance of the contract within the borders of the forum state. *See, e. g.,* Raymond E. Danto, Associates, Inc. v. Arthur D. Little, Inc., 316 F.Supp. 1350 (E.D.Mich.1970); Maryland Nat'l Bank v. Shaffer Stores Co., 240 F.Supp. 777 (D.Md.1965); Executive Properties, Inc. v. Sherman, 223 F. Supp. 1011 (D.Ariz.1963); Knight v. District Court, 162 Colo. 14, 424 P.2d 110 (1967); Compania de Astral, S.A. v. Boston Metals Co., 205 Md. 237, 107 A.2d 357 (1954), cert. denied, 348 U.S. 943, 75 S.Ct. 365, 99 L.Ed. 738 (1955); Western Savings & Loan Ass'n v. Harris, supra; Beck v. Spindler, 256 Minn. 543, 99 N.W.2d 670 (1959); Goldman v. Parkland of Dallas, Inc., 277 N.C. 223, 176 S.E.2d 784 (1970); Simms v. Hobbs, 411 P.2d 503 (Okla.1966). We find no case where the contact was so miniscule as in the case *sub judice*.

We are of the opinion that the contract involved in the subject litigation had no substantial connection with this state and that the mere acceptance of the defendant's offer within this state cannot satisfy the requirement of "minimum contacts." To compel this non-resident defendant to defend itself in a state with which it has had no relevant connection would offend traditional notions of fair play and substantial justice.

For the reasons herein stated, the trial court is directed to grant the petitioner's motion to dismiss and enter an appropriate order of dismissal.

KRUCKER, C. J., and HATHAWAY, J., concur.