637 P.2d 308

**COAST TO COAST MARKETING CO., INC., a Delaware corporation, Plaintiff/Appellant,**

v.

**G & S METAL PRODUCTS COMPANY, INC., an Ohio corporation; Four Star International Trading Company, Defendants/Appellees,**

No. 2 CA–CIV 3952.

Court of Appeals of Arizona, Division 2.

Nov. 4, 1981.

Schorr, Leonard & Felker, P. C. by Franklin O. Eldridge, Tucson, for plaintiff/appellant.

Molloy, Jones, Donahue, Trachta, Childers & Mallamo, P. C. by Gary F. Howard, Tucson, for defendants/appellees.

## OPINION

HOWARD, Judge.

This appeal is taken from an order granting appellees' motion to dismiss for lack of personal jurisdiction. The issue to be determined is whether appellant Coast to Coast has met its burden of showing that the Arizona courts may assume in personam jurisdiction over the out-of-state appellees without offending traditional due process notions of fair play and substantial justice.

Arizona courts are authorized to exercise personal jurisdiction over nonresident defendants who have "caused an event to occur in this state out of which the claim which is the subject of the complaint arose." *Northern Propane Gas Co. v. Kipps*, 127 Ariz. 522, 622 P.2d 469 (1981). When a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff, or in this case appellant, has the burden of establishing that such jurisdiction is proper. *Pegler v. Sullivan*, 6 Ariz.App. 338, 432 P.2d 593 (1967); *Maloof v. Raper Sales, Inc.*, 113 Ariz. 485, 557 P.2d 522 (1976). When reviewing the grant of a motion to dismiss, we will look at the pleadings and affidavits in support of and in opposition to the motion. *Maloof v. Raper Sales, Inc.*, supra. Having done so, we hold that the trial court did not err in granting appellees' motion.

The due process clause of the United States Constitution limits the power of a state to achieve personal jurisdiction over a defendant. *Kulko v. Superior Court*, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978); *Northern Propane Gas Co. v. Kipps*, supra. Personal jurisdiction can be exercised only if the defendant has reasonable notice that an action has been brought, and if the defendant has sufficient "minimum contacts" with the forum so that requiring him to defend the action does not violate "traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *McGee v. International Life Insurance Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); *Rhoads v. Harvey Publications, Inc.*, 124 Ariz. 406, 604 P.2d 670 (App.1979).

In *Northern Propane Gas Co. v. Kipps*, supra, our Supreme Court relied upon the reasoning in *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) to determine when in personam jurisdiction could be exercised over the non-resident defendant. After examining whether the defendant "engaged in any significant purposeful activity which would make it fair to require the defendant to defend in the State of Arizona," the court held that the mere fact that the plaintiff informed the defendant that the vehicle would be used in Arizona was insufficient to establish the degree of contact necessary to support the exercise of personal jurisdiction.

*Northern Propane* emphasizes the point that the mere unilateral activity of those who claim some relationship with a non-resident defendant cannot satisfy the requirement of contact with the forum state. See *World-Wide Volkswagen v. Woodson*, supra. Applying this test to appellees using the facts as set forth in the affidavits, we conclude that appellees' contact with Arizona was such that they could not reasonably anticipate being subjected to suit in our courts.

Appellees' affidavit establishes that G & S is an Ohio corporation with its principal place of business in Ohio.[1] It is not licensed

---

1. Appellee Four Star International Trading Company, a foreign company based in Taiwan, is not a party to the agreement entered into between Coast to Coast and G & S. Neither

to do business, nor does it in fact do any business in Arizona. Neither does it have any offices or employees in this state.

The agreement over which this dispute arose was negotiated and executed in Cleveland, Ohio, where representatives of Coast to Coast appeared in connection therewith. Appellant was to be a sales representative for G & S under the agreement. No representative of G & S ever entered Arizona in connection with the negotiation, execution or performance of the agreement. Furthermore, none of the sales from which Coast to Coast now claims commissions occurred in Arizona nor were any of the customers with whom Coast to Coast was authorized to deal or did deal with on behalf of G & S located in Arizona.[2]

■ Coast to Coast maintains its office in Tucson, from which it communicated by mail and telephone with G & S. This fact, however, does not establish that G & S engaged in any significant purposeful activity with Arizona which would support the exercise of personal jurisdiction over it. Accordingly, we hold that the trial court did not err in granting appellees' motion to dismiss.

Affirmed.

HATHAWAY, C. J., and BIRDSALL, J., concur.

---

the brief of Coast to Coast nor that of G & S explain the relationship that Four Star has with either party, and accordingly, we will direct our analysis to the conduct of appellee G & S.

2. Coast to Coast stated in its affidavit that it "had contact" pursuant to the agreement with numerous persons by telephone and by mail from Tucson. We note that the nature of the "contact" is vague, at best, and hence we are unable to come to any conclusion as to its significance.