661 P.2d 230

**G.T. HELICOPTERS, INC., an Arizona corporation, Plaintiff-Appellant,**

v.

**HELICOPTERS, LTD., a Michigan corporation; Harry R. Whitehead and Jane Doe Whitehead, husband and wife, Defendants-Appellees.**

**No. 1 CA–CIV 6026.**

Court of Appeals of Arizona, Division 1, Department B.

March 1, 1983.

McLoone, Theobald & Galbut, P.C. by David L. Beaugureau, Jeffry S. Becker, Phoenix, for plaintiff-appellant.

Crampton, Woods, Broening & Oberg by Douglas G. Shook, Phoenix, for defendants-appellees.

## OPINION

GRANT, Judge.

The issue in this appeal is simply whether the trial court erred in dismissing appellant's claim against appellees for lack of personal jurisdiction over the appellees. We find no error and affirm the judgment.

The facts underlying this appeal are not in dispute. Prior to March 20, 1980, Livingston Aggregates, Inc. (Livingston), a Michigan corporation which is not a party to this appeal but was a defendant below, advertised throughout the United States to sell a helicopter. Although the helicopter was wholly owned by Livingston, it was serviced in Michigan by appellee Helicopters, Ltd., a Michigan corporation, which is owned by appellee Harry R. Whitehead (Whitehead). Appellees had nothing to do with the advertisement.

Appellant G.T. Helicopters, Inc., an Arizona corporation, saw an advertisement in a publication in the State of Arizona, which represented that the helicopter was in excellent condition, with "low time" on major components. Appellant contacted Livingston. Livingston asked appellees to prepare a component summary to document the condition of the helicopter for appellant. Appellant was referred to appellees for questions on the component summary to document the condition of the helicopter.

Appellant's president, Harley E. Cluxton (Cluxton), then telephoned appellees in Michigan on two or more occasions explaining his interest in the helicopter. Appellant's chief pilot, Michael Crouch (Crouch), also spoke on the telephone with appellees in Michigan on two or more occasions regarding technical specifications and service history on the helicopter. Cluxton also requested that appellees modify the helicopter by adding dual controls and asked that the helicopter be made ready to be flown back to Arizona by Crouch. Prior to the sale, appellees on one occasion telephoned appellant's office in Scottsdale, Arizona, regarding the condition of the helicopter and reviewing the component summary.

Crouch and two other pilots went to Michigan two days prior to the purchase. All three met with appellees. Appellees repeated their opinion of the condition of the helicopter and its components.

The sale was consummated in Michigan for $100,000 on March 20, 1980, by Livingston and appellant. Appellees were not a party to, and received no monies under, the contract, but were paid for installing the dual controls. Crouch then flew the helicopter to Arizona.

Crouch discovered that the helicopter was not a "low time" helicopter, was not in usable condition, and had not been properly serviced or maintained. There is no contention that the dual controls were not properly installed by appellees. Appellant alleged that it was damaged by appellees' actions by receiving a helicopter worth less than represented, that it sustained express out-of-pocket expenses to make the craft operable, and suffered damages from loss of use during the repair period.

It is undisputed that appellees never came to Arizona to conduct any part of the transaction, and have never done any business in the State of Arizona. Appellee Helicopters, Ltd. is a Michigan corporation, with its business offices located in Michigan, with no offices or agents in Arizona. The only contacts appellees had with Arizona were the several phone calls between appellant and appellees, and the fact that appellees maintained and modified a helicopter that they knew would be purchased by an Arizona corporation for use in Arizona.

Appellant filed a complaint in Arizona against Livingston, its owners and the appellees. The appellant thereafter dismissed with prejudice its claims against Livingston and its owners. The counts of the complaint applicable to the remaining defendants, i.e., the appellees, sounded in fraud[1] and negligence. Appellees filed a motion to dismiss for lack of personal jurisdiction pursuant to rule 12(b)(2), Rules of Civil Procedure, which was supplemented by affidavit from Whitehead. Appellant filed a response supported by two affidavits, one by Cluxton, and the other by Crouch. The court granted appellees' motion. A formal, written judgment was then filed, from which timely appeal was taken.

In reviewing a motion to dismiss, this court accepts all material facts as alleged by the non-movant as true. *E.g., Sun World Corp. v. Pennysaver, Inc.,* 130 Ariz. 585, 637 P.2d 1088 (App.1981). We consider both the pleadings and affidavits in support of and in opposition to the motion. *E.g., Maloof v. Raper Sales, Inc.,* 113 Ariz. 485, 557 P.2d 522 (1976). Once the defendant has moved for dismissal for lack of jurisdiction, the plaintiff has the burden of establishing that jurisdiction is proper. *E.g., Pegler v. Sullivan,* 6 Ariz.App. 338, 432 P.2d 593 (1967).

The statutory authority for Arizona courts to exercise personal jurisdiction over non-residents is rule 4(e)(2), Rules of Civil Procedure, which grants personal jurisdiction over corporations doing business in the state or entities causing an event to occur in this state out of which the complaint arises.[2] However, the due process

---

1. Appellant's complaint had separate counts for fraud and misrepresentation. As noted by appellees, these claims appear in fact to be one legal theory and we treat them as such.

2. Rule 4(e)(2) provides in relevant part:
   When the defendant ... is a corporation doing business in this state, or is a person,

clause of the United States Constitution limits the exercise of jurisdiction over a defendant to cases where the defendant has sufficient minimum contacts with the forum so that requiring him to defend the action in the forum does not violate traditional notions of fair play and substantial justice. *World Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *International Shoe Co. v. State of Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Northern Propane Gas Co. v. Kipps,* 127 Ariz. 522, 622 P.2d 469 (1981). Thus, even if the defendant is doing business, or causes an event to occur, in Arizona, the plaintiff still must establish minimum contacts between the defendant and this state. *Northern Propane, supra.*

Appellant does not contend that appellees were doing business in Arizona, but that they caused an event to occur in Arizona, by making false representations over the telephone to persons in Arizona and by negligently maintaining and modifying a helicopter which they knew would be used in Arizona by an Arizona corporation, which resulted in damages in Arizona. They further argue that such actions are sufficient contacts for Arizona courts to exercise personal jurisdiction over appellees.

Appellees concede that as to the alleged fraudulent representations, they did cause an event to occur in Arizona, but argue that nevertheless there are insufficient contacts for personal jurisdiction over them in Arizona. As to the negligence count, appellee argues it did not cause an event to occur because the alleged negligence occurred completely in Michigan, and alternatively, that again there are insufficient contacts for personal jurisdiction over appellees in Arizona. We need not determine whether appellees caused an event to occur in Arizona because, at any rate, the uncontested facts show insufficient contacts necessary to support the exercise of personal jurisdiction.

The mere fact that appellees knew that the helicopter would be used in Arizona is not sufficient. The facts of *Northern Propane* are extremely close to those at bar. There, the defendant, in Michigan, filled the propane tanks of the motor home owned by one of the plaintiffs. The uncontroverted testimony established that defendant's agent was told that the motor home would be traveling to Arizona. While in Arizona, the vehicle blew up, resulting in personal injuries to the plaintiffs. The plaintiffs sued defendant for alleged negligence in overfilling one of the propane tanks. The trial court's dismissal of the complaint for lack of jurisdiction over the defendant was affirmed by the Arizona Supreme Court. The court found that the defendant had not engaged in any significant purposeful activity which would make it fair to require the defendant to defend the suit in Arizona.

The differences in the facts of this case are insignificant. A helicopter is a mobile vehicle as is an automobile. The mobile vehicle may cause property damage or personal injury in any state. *See World-Wide Volkswagen Corp. v. Woodson, supra.* The mere fact that the plaintiff advises the defendant that he intends to use the vehicle in a particular state does not make it fair to require the defendant to defend there if damage occurs. *Northern Propane, supra.* Unilateral activity by the plaintiff cannot satisfy the requirement of contact with the forum state. *Id.* We therefore conclude that this contact is not sufficient so that defendant could reasonably anticipate being subjected to suit in the courts of this state.

Nor do we believe the telephone conversations between appellant and appellee were a sufficient contact. In *Coast to Coast Marketing Co., Inc. v. G & S Metal Products,* 130 Ariz. 506, 508, 637 P.2d 308, 310 (App.1981), Division Two of this court stated:

> partnership, corporation or unincorporated association subject to suit in a common name which has caused an event to occur in this state out of which the claim which is the subject of the complaint arose, service may be made as herein provided, and when so made shall be of the same effect as personal service within the state. . . .

Coast to Coast maintains its office in Tucson, from which it communicated by mail and telephone with G & S [in Ohio]. This fact, however, does not establish that G & S engaged in any significant purposeful activity with Arizona which would support the exercise of personal jurisdiction over it.

Similarly in the case at bar, the mere fact that there were telephone conversations between appellant in Scottsdale, Arizona, and appellees in Michigan, does not establish sufficient contacts. This is particularly so where it was the appellant who initiated the contacts. The appellees, by merely responding to appellant's inquiries, could hardly expect to be subjected to suit in this state. If this proposition were true, the personal jurisdiction of the Arizona courts would be limited only by the limits of modern telecommunications.

In an even stronger case for personal jurisdiction than that presented in this appeal, Division Two of this court affirmed a dismissal for lack of sufficient contacts for personal jurisdiction. *Molybdenum Corp. of America v. Superior Court, In and for the County of Pima,* 17 Ariz.App. 354, 498 P.2d 166 (1972). There the defendant was a non-resident New Mexico corporation, while plaintiffs were residents of Tucson, Arizona. The defendant wrote to the plaintiff offering him a job in New Mexico; the plaintiff accepted the offer by a letter mailed in Tucson. The defendant subsequently informed plaintiff by telephone that it did not intend to perform. The court found defendant had caused an event to occur in Arizona, i.e., the consummation of the contract. However, as to sufficient contacts, the court stated:

> We find no case where the contact was so miniscule as to the case *sub judice.* We are of the opinion that the contract involved in the subject litigation had no substantial connection with this state and that the mere acceptance of the defendant's offer within this state cannot satisfy the requirement of "minimum contacts." To compel this non-resident defendant to defend itself in a state with which it has had no relevant connection would offend traditional notions of fair play and substantial justice.

17 Ariz.App. at 356, 498 P.2d at 168.

The contacts are obviously less significant in the present appeal. First, it was the plaintiff who contacted the defendant, not the other way around as in *Molybdenum Corp.* Secondly, appellant has not even suggested that the sales contract was consummated in Arizona. The contract was clearly a Michigan contract.

Appellant also contends that the cost required for appellant to take legal action in Michigan would be prohibitive and would effectively prevent him from vindicating his rights. It further argues that appellees are as capable of defending this matter in Arizona as they are in Michigan. Appellant's argument makes two erroneous assumptions. First, it assumes that there is evidence on the record of the relative financial resources of the parties. There is no such evidence in the record. We therefore could make no determination as to the economic considerations for fairness. *Maloof v. Raper Sales, Inc., supra.* Secondly, even assuming there were such evidence, such considerations are not proper in considering minimum contacts for personal jurisdiction. Our Arizona Supreme Court in *Northern Propane, supra,* stated:

> Until minimum contacts with the forum are established by the plaintiff, economic disparity and convenience of the parties are not relevant considerations . . . .

127 Ariz. at 527, 622 P.2d at 474. *Accord, World-Wide Volkswagen Corp., supra.*

In conclusion, we find that appellant did not meet its burden of establishing sufficient minimum contacts for the exercise of personal jurisdiction over appellees by the courts of Arizona. The judgment dismissing the complaint against these appellees is therefore affirmed.

Judgment affirmed.

FROEB, P.J., and GREER, J., concur.