NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

KATHRYN MARIE JONES, et al., *Plaintiffs/Appellants,*

*v.*

JEREMY DENNING, MD., et al., *Defendants/Appellees.*

No. 1 CA-CV 17-0605
FILED 11-15-2018

Appeal from the Superior Court in Maricopa County
No.  CV2016-054241
The Honorable John R. Hannah, Judge

**AFFIRMED IN PART; VACATED IN PART; REMANDED**

COUNSEL

Ahwatukee Legal Office, P.C., Phoenix
By David L. Abney
*Counsel for Plaintiffs/Appellants*

Jones, Skelton & Hochuli, P.L.C., Phoenix
By Jonathan Paul Barnes, Jr.
*Counsel for Defendants/Appellees Dallas Neurosurgical*

Lewis Brisbois Bisgaard & Smith, LLP, Phoenix
By Kevin C. Nicholas, Dina M. Anagnopoulos, Robert C. Ashley
*Counsel for Defendant/Appellee Randall Kirby, MD*

Broening Oberg Woods & Wilson, P.C., Phoenix
By James R. Broening, Alicyn M. Freeman, John C. Quinn
*Counsel for Defendant/Appellee Judith Kirby, MD*

Campbell, Yost, Clare & Norell, P.C., Phoenix
By Renee M. Coury, Jeffrey McLerran
*Counsel for Defendants/Appellees Texas Health*

Pepper Hamilton, LLP, Philadelphia, Pennsylvania
By Sean P. Fahey
*Co-Counsel for Defendant/Appellee Medtronic, PLC*

Pepper Hamilton, LLP, New York, New York
By Kenneth J. King
*Co-Counsel for Defendant/Appellee Medtronic, PLC*

Lewis Roca Rothgerber Christie, LLP, Phoenix
By Stephen M. Bressler, Kirstin A. Story
*Co-Counsel for Defendant/Appellee Medtronic, PLC*

Reed Smith, LLP, Los Angeles, California
By Michael K. Brown, Mildred Segura, Lisa M. Baird, Kasey J. Curtis
*Co-Counsel for Defendant/Appellee Medtronic, PLC*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge James P. Beene and Judge Michael J. Brown joined.

---

**M O R S E**, Judge:

**¶1**         Appellants Kathryn Marie Jones and Alan Jones (collectively, the "Joneses") appeal the superior court's rulings dismissing their second amended complaint.  For the following reasons, we affirm in part, vacate in part, and remand for further proceedings.

### FACTS AND PROCEDURAL HISTORY

**¶2**         In 2010, after seeing an advertisement in *Phoenix Magazine*, the Joneses contacted Baylor Scoliosis Center in Plano, Texas, to address back pain Kathryn was experiencing.  Baylor Scoliosis Center then referred the Joneses to Dr. Jeremy Denning, a physician unaffiliated with the Center.

The Joneses communicated with Dr. Denning and his assistant via email and phone over the course of several months, and Kathryn Jones underwent a three-day surgical procedure in Texas in October 2010.

¶3            Six years later, in August 2016, the Joneses filed a complaint relating to the procedure against Dr. Denning; Dr. Richard Jackson; Dallas Neurosurgical and Spine Associates, P.A.; Dr. Randall Kirby; Texas Health Presbyterian Hospital Dallas; and Medtronic, PLC.  The Joneses asserted claims for battery, strict liability, loss of consortium, and medical malpractice.  They later amended their complaint to include Dr. Judith Kirby; Stephanie Cracknell, RNFA, NP; Dallas Neurology Associates; Dallas Neurosurgical Associates, P.A.; Texas Health Resources; Paula Hagan; and Debra Gipson Sims, RN, as defendants.  The amended complaint also added claims for hedonic damages and punitive damages.[1]

¶4            Dallas Neurosurgical Associates, P.A.; Dallas Neurosurgical and Spine Associates, P.A.; Dr. Denning; Dr. Jackson; and Stephanie Cracknell, RNFA, NP (the "Dallas Neurological Defendants"), moved to dismiss, as did Dr. Randall Kirby and Dr. Judith Kirby (the "Kirby Defendants").  Texas Health Presbyterian Hospital Dallas, Texas Health Resources, Paula Hagan, and Debra Gipson Sims, RN (the "Texas Health Defendants"), also moved to dismiss, and Medtronic moved to dismiss for, in part, lack of personal jurisdiction and res judicata.

¶5            The superior court dismissed the Kirby Defendants and the Texas Health Defendants for lack of personal jurisdiction.  It granted Medtronic's motion to dismiss due to res judicata, finding that the United States District Court for the District of Arizona had decided a case that involved the same parties, "transactional nucleus of operative facts," and same cause of action.  *See Jones v. Medtronic*, 89 F. Supp. 3d 1035 (D. Ariz. 2015) ("*Jones I*").  The superior court did not address Medtronic's personal jurisdiction arguments.

¶6            However, the court denied the Dallas Neurological Defendants' motion to dismiss without prejudice.  The Dallas Neurological Defendants then filed a renewed motion to dismiss for lack of personal

---

[1]            The Joneses also sued Dr. John Ehteshami; Phoenix Orthopaedic Consultants; Dr. Mario Castellanos; the Division of Advanced Surgery and Pelvic Pain and Center for Women's Health at St. Joseph's Hospital and Medical Center; and the spouses of Dr. Denning, Dr. Ehteshami, and Dr. Castellanos.  However, we do not address these parties because they are not parties to this appeal.

jurisdiction. The court found that in the absence of evidence that Dr. Denning reached out to Arizona patients, the Joneses could not establish personal jurisdiction over Dr. Denning. The Joneses timely appealed.

¶7 While this appeal was pending, the United States Court of Appeals for the Ninth Circuit issued a memorandum decision in which it affirmed in part, vacated in part, and remanded *Jones I* for further proceedings. *See Jones v. Medtronic, Inc.*, No. 15-15653, 2018 WL 3912167, at *1 (9th Cir. Aug. 16, 2018) ("*Jones II*"). We asked the parties for supplemental briefing on the effect of *Jones II* on the Joneses' res judicata arguments and consider those briefs in this case.

¶8 We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1) and Article 6, Section 9, of the Arizona Constitution.

## DISCUSSION

¶9 The Joneses argue they have alleged sufficient facts to support personal jurisdiction over the Dallas Neurological Defendants, the Kirby Defendants, and the Texas Health Defendants in Arizona. They also argue that *Jones II* requires us to vacate the superior court's res judicata ruling. They ask us to vacate the judgments entered against them below and remand for trial.

## I.     STANDARD OF REVIEW

¶10 We review dismissal of claims for lack of personal jurisdiction de novo. *In re Marriage of Peck*, 242 Ariz. 345, 348, ¶ 7 (App. 2017). We will not set aside any findings of fact made by the superior court in reaching its jurisdictional determination unless the findings are clearly erroneous. *Id.* We review the application of res judicata de novo. *A. Miner Contracting, Inc. v. Toho-Tolani Cty. Improvement Dist.*, 233 Ariz. 249, 253, ¶ 11 (App. 2013).

## II.    THE SUPERIOR COURT DID NOT ERR BY FINDING IT LACKED PERSONAL JURISDICTION OVER DR. DENNING AND THE SURGICAL-TEAM MEMBERS.

¶11 The Joneses argue the superior court erred by finding it could not assert personal jurisdiction over Dr. Denning and the surgical-team members because Dr. Denning purposefully directed the Joneses to Texas

4

from Arizona in a September 2010 email.[2]   They also argue this communication constituted an intentional tort that established personal jurisdiction over Dr. Denning and the surgical-team members.   They additionally argue the superior court erred by relying on "purposeful availment" doctrine rather than "purposeful-direction" doctrine.   Finally, they assert that even under a purposeful availment analysis, personal jurisdiction is proper.

**¶12**         "For personal jurisdiction over a non-resident to exist, the defendant must have sufficient minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Peck*, 242 Ariz. at 348, ¶ 7; *see also Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945).   "When a defendant challenges the existence of personal jurisdiction, the plaintiff must come forward with facts establishing a *prima facie* showing of jurisdiction . . . ." *Peck*, 242 Ariz. at 348, ¶ 6.   "Personal jurisdiction may be either general or specific and, under both forms, 'the constitutional touchstone remains whether the defendant purposefully established "minimum contacts" in the forum [s]tate.'" *Id.* at ¶ 8 (quoting *Williams v. Lakeview*, 199 Ariz. 1, 3, ¶ 6 (2000)). We consider only specific jurisdiction because the Joneses did not assert general jurisdiction at the trial level or in their briefs.

**¶13**         Arizona courts may exercise specific jurisdiction over non-resident defendants to the extent permitted by the Due Process Clause of the United States Constitution.   *Id.* at ¶ 9.   Although email communications may serve as the basis for personal jurisdiction, *see Planning Grp. of Scottsdale, L.L.C. v. Lake Mathews Mineral Properties, Ltd.*, 226 Ariz. 262, 268-69, ¶¶ 26-31 (2011), "the requisite minimum contacts are not established when the *plaintiff's action* 'requires the defendant to send communications into th[e] forum[,]'" *Batton v. Tenn. Farmers Mut. Ins. Co.*, 153 Ariz. 268, 274 (1987) (quoting *Hunt v. Erie Ins. Grp.*, 728 F.2d 1244, 1248 (9th Cir. 1984)). Finally, "it is not enough that a defendant know that he is dealing with an Arizona resident then located in another state; the requisite activity must instead be purposefully directed at the forum." *Planning Grp. of Scottsdale*,

---

[2]      The Joneses' personal jurisdiction arguments refer to "Dr. Denning and the other surgical-team members," but the Joneses do not present any jurisdictional arguments specifically addressing the Kirby Defendants; the Texas Health Defendants; Dallas Neurosurgical Associates, P.A.; Dallas Neurosurgical and Spine Associates, P.A.; Dr. Jackson; or Stephanie Cracknell, RNFA, NP.   Because the Joneses merely include these parties in their arguments pertaining to "Dr. Denning and the other surgical-team members," we address these parties in one discussion.

226 Ariz. at 271, ¶ 41 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).

**¶14**　　　　As an initial matter, we reject the Joneses' argument that the superior court erred in applying "purposeful availment" doctrine rather than "purposeful-direction" doctrine. No language in the superior court's order indicates that the court used one approach or the other; instead, the court merely concluded that Dr. Denning's contacts "clearly [did] not meet the due-process 'minimum contacts' standard." This approach is consistent with the Arizona Supreme Court's decision in *Planning Group of Scottsdale*, which rejected a rigid separation of the "purposeful availment" and "purposeful-direction" doctrines in favor of a "holistic approach" distilled to a single question: "Considering all of the contacts between the defendants and the forum state, did those defendants engage in purposeful conduct for which they could reasonably expect to be hauled into that state's courts with respect to that conduct?" 226 Ariz. at 267-68, ¶¶ 22-25.

**¶15**　　　　Here, the superior court did not err in finding that the contacts were insufficient to confer personal jurisdiction. The September 2010 email does not constitute sufficient minimum contacts. The Joneses admit that they, rather than Dr. Denning and the surgical team, initiated the email contact, and the documents provided by the Joneses do not demonstrate otherwise. *See G.T. Helicopters, Inc. v. Helicopters, Ltd.*, 135 Ariz. 380, 383-84 (App. 1983) ("[T]he mere fact that there were telephone conversations between appellant in Scottsdale . . . and appellees in Michigan, [did] not establish sufficient contacts. This is particularly so where it was the appellant who initiated the contacts."). Furthermore, the September 2010 email did not seek to persuade the Joneses to travel to Texas; it merely responded to questions sent by the Joneses.[3] *Cf. Walden v. Fiore*, 571 U.S. 277, 285 (2014) ("[W]e have upheld the assertion of jurisdiction over defendants who have purposefully reached out beyond

---

[3]　　　　Although the Joneses assert the email played a crucial role in their decision to schedule the surgeries with Dr. Denning, the emails presented by the Joneses show that the Joneses sought to schedule the surgeries with Dr. Denning before receiving the September 2010 email. Additionally, the Joneses do not dispute that the Baylor Scoliosis Center referred the Joneses to Dr. Denning in the ordinary course of business, that Dr. Denning had no business relationship with the Center, and that he did not participate in the Center's out-of-state marketing efforts. *See Britz v. Kinsvater*, 87 Ariz. 385, 388 (1960) ("Inasmuch as the trial court's findings of fact are not themselves challenged by this appeal, we may assume that their accuracy is conceded.").

their State and into another by, for example . . . circulating magazines to deliberately exploit a market in the forum State . . . ." (internal quotation marks and brackets omitted)); *Planning Grp. of Scottsdale*, 226 Ariz. at 268-69, ¶¶ 26-31 (concluding "a series of telephone calls, e-mails, faxes, and letters to the Arizona plaintiffs[] seeking to persuade the plaintiffs to invest in [a] mining venture" showed purposeful direction). Although the Joneses refer to other emails in their complaint, their briefs only reference the September 2010 email and the other emails appear to be responses to emails sent by the Joneses. None of these communications establish the necessary minimum contacts.

¶16 We similarly reject the Joneses' assertion that the September 2010 email constituted tortious misrepresentation establishing personal jurisdiction over Dr. Denning and the surgical-team members. "A forum [s]tate's exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on intentional conduct by the defendant that creates the necessary contacts with the forum." *Walden*, 571 U.S. at 286; *see also Batton*, 153 Ariz. at 274 ("The mere fact that Tennessee Farmers responded to Batton's Arizona lawyers, and may have committed a tort against Batton in the process, is not evidence that Tennessee Farmers purposefully availed itself of the privilege of conducting business in Arizona.").

¶17 Because the September 2010 email did not constitute sufficient minimum contacts with Arizona, the superior court did not err when it found that the Joneses failed to establish personal jurisdiction over Dr. Denning and the surgical-team members.[4]

### III. WE NEED NOT ADDRESS THE JONESES' COMMUNITY LIABILITY ARGUMENTS.

¶18 The Joneses argue that under the principles of community property, Dr. Judith Kirby is liable for the torts committed by Dr. Randall Kirby. Because Dr. Randall Kirby was properly dismissed, *supra* ¶ 17, we need not address the Joneses' community liability claims against his spouse.

---

[4] Similarly, the Joneses assert the whole surgical team was subject to the court's personal jurisdiction under a theory of joint venture or partnership based on personal jurisdiction over Dr. Denning. The surgical-team members contend that this argument is waived because it was not raised below. We need not consider this argument, or whether it was properly raised below, because the superior court correctly found that there is no personal jurisdiction over Dr. Denning.

## IV. THE SUPERIOR COURT'S RES JUDICATA RULING MUST BE VACATED.

**¶19** In simultaneous briefing by the parties, the Joneses argue we must vacate the superior court's res judicata ruling in light of *Jones II*. Medtronic concedes that res judicata is no longer applicable because there is no longer a final judgment on the merits. *See Campbell v. SZL Props., Ltd.*, 204 Ariz. 221, 225, ¶ 20 (App. 2003) ("[A] vacated judgment cannot have any collateral estoppel effect."). However, Medtronic has offered three alternative bases upon which to affirm the superior court's dismissal—lack of personal jurisdiction, collateral estoppel, and failure to state a claim.

**¶20** Although Medtronic raises personal jurisdiction in their briefs, the superior court did not rule on the issue. The Joneses have asserted grounds for personal jurisdiction over Medtronic independent of their arguments for personal jurisdiction over Dr. Denning and the surgical-team members. Medtronic has contested those allegations. Because these competing claims have not been resolved by the superior court, we decline to consider them here. *See Mathews ex rel. Mathews v. Life Care Ctrs. Of Am., Inc.*, 217 Ariz. 606, 611, ¶ 23 (App. 2008) (declining to address arguments that "were not the basis of the trial court's ruling and were either not raised or not fully developed before the trial court").

**¶21** Similarly, because the superior court's decision was based exclusively on res judicata, we decline to address Medtronic's collateral estoppel and failure to state a claim argument, vacate the superior court's res judicata ruling, and remand for further proceedings. *See id.*

## V. ATTORNEYS' FEES AND COSTS

**¶22** The Joneses request an award of their reasonable costs on appeal. Because the Joneses have only partially prevailed, we deny their request. *See* A.R.S. § 12-342 (authorizing an award of costs to the prevailing party on appeal); *see also Zwicky v. Premiere Vacation Collection Owners Ass'n*, 244 Ariz. 228, 234, ¶ 34 (App. 2018) (declining to award costs where "both parties partially prevailed on appeal").

**¶23** The Dallas Neurological Defendants request an award of attorneys' fees under ARCAP 25, which is within this Court's discretion. *Ariz. Dep't of Rev. v. Gen. Motors Acceptance Corp.*, 188 Ariz. 441, 446 (App. 1996); *see also* ARCAP 25 (authorizing the imposition of sanctions if appeal was frivolous or filed solely for the purpose of delay). In the exercise of our discretion, we decline to award attorneys' fees as a sanction against the Joneses.

¶24 Dr. Judith Kirby requests an award of her costs on appeal pursuant to A.R.S. § 12-342. Because Dr. Judith Kirby is a prevailing party, we award her taxable costs on appeal.

¶25 The Texas Health Defendants request an award of their reasonable attorneys' fees on appeal pursuant A.R.S. § 12-341.01 (authorizing an award of fees in any contested action arising out of a contract). We deny this request because although the Joneses' complaint references formation of a contract, their claims do not "arise out of a contract." *See Ramsey Air Meds, L.L.C. v. Cutter Aviation, Inc.*, 198 Ariz. 10, 15, ¶ 27 (App. 2000) ("[A] tort claim will 'arise out of a contract' only when the tort could not exist 'but for' the breach or avoidance of contract. . . . The test is whether the defendant would have a duty of care under the circumstances even in the absence of contract."). The Texas Health Defendants also seek their costs on appeal pursuant to A.R.S. § 12-342(A). Because the Texas Health Defendants are prevailing parties, we award their costs on appeal.

## CONCLUSION

¶26 For the foregoing reasons, we affirm the superior court's rulings on personal jurisdiction and vacate and remand the court's res judicata ruling.



AMY M. WOOD • Clerk of the Court
FILED: AA